## NEW-YORK COMMON PLEAS.

### TAYLOR AND OTHERS agt. CHURCH.

Whether an action of *libel* on a *firm* can be maintained at all, and if in such action one of the plaintiffs, also a firm, dies, whether the suit abates absolutely *Quere ?*

By the death of one of the plaintiffs and one of the members of a firm, the right by the remaining members to continue the prosecution, if the right of action continues, remains unaffected.

No leave to continue, under § 121 of the Code, is necessary, because no one is to be substituted. A suggestion on the record is sufficient. Section 121 applies only in the case where a representative or successor of the deceased is to be substituted as a party.

*Special Term, April,* 1854. The plaintiffs, composing a firm at the West, brought an action against the defendant for a libel upon the firm. The cause was tried, and judgment rendered for the plaintiffs. On appeal to the court of appeals, a new trial was ordered.

Pending the appeal, Taylor, one of the plaintiffs, died; a suggestion of such death was entered on the record, and after the decision of the court of appeals, the plaintiffs noticed the cause for trial at the April term of this court. The defendant moved to strike the cause from the calendar on the ground that the surviving plaintiffs should have obtained leave to continue the action in the names of the surviving partners.

C. B. SMITH, *for Plaintiffs.*

CLEAVELAND, TITUS, & CHAPMAN, *for Defendant.*

INGRAHAM, First Judge. This action is brought for a libel on a firm in regard to their business. The plaintiffs recovered a judgment in this court, and while an appeal was pending to the court of appeals, John C. Taylor, one of the plaintiffs, died. A suggestion of the death was made upon the record, and the case was heard before that court. The judgment was afterward reversed, and a new trial ordered. The defendant now moves for an order to strike the cause from the calendar, because the plaintiffs have not obtained an order, under the 121st

section of the Code, allowing the action to be continued.   The 121st section of the Code provides that no action shall abate by the death of a party, if the cause of action survive or continue, and in case of death of the party, the court, on motion, may allow it to be continued by his representative or successor. It cannot be expected that we should, on a motion of this kind, decide whether such a cause of action as this (libel on a firm) dies with the death of one of the members of the firm, and the consequent dissolution of the firm thereby.   Upon the trial of the cause, the question was argued at great length whether the action could be maintained at all, and the court of appeals in ordering a new trial did not decide that point.   Nor could we with propriety, on this motion, decide how far the plaintiff's right of recovery may be affected by the death of one of them. If the firm had a valid claim at any time, the dissolution of the firm would not destroy the claim, and the fact that one member of the firm is dead, does not deprive the other members of the right to apply all the claims belonging to the firm to its benefit.

Upon a careful examination of the 121st section, I can see nothing which conflicts with the practice adopted in this case, of making a suggestion on the record, and proceeding in the cause.   This is not a case in which the action is to be continued either by the representatives or successors of the deceased party.   The present plaintiffs were the plaintiffs originally. By the death of one of their number, their right to continue the prosecution, if the right of action continues, is unaffected.   No leave is necessary, because no one is to be substituted in the place of the deceased.  · The only thing necessary is to inform the court why the name of Taylor is omitted as plaintiff.   This has been done by suggestion, as provided by the *R. S.* 2 *vol. p.* 386, *sec.* 1.

The provisions in the Code apply rather to the case mentioned in the 2d and 3d sections of the same chapter in R. S., and substitute a motion for the remedy therein provided by Scire Facias.

In Williamson agt. Moore, (5 *Sand. S. C. R., p.* 647,) the

superior court adopted this view of the 121st section of the Code, as not applicable to a case where one of the plaintiffs dies, and the action may be continued by the surviving plaintiffs. That was an equity case, and the decision is only applicable to this, as showing that the 121st section of the Code has not the extensive signification which the defendant's counsel would give it.

In the case of the death of one member of a firm, the cause of action *continues*. In such case the death does not abate the action. Under the provisions of the Revised Statutes, as well as the first part of the 121st section of the Code, the cause of action does not go to the representatives or successors of the deceased, but remains or continues in the remaining plaintiffs, and there is no representative or successor to be made a party under the latter part of the 121st section. As it is only in the case of a representative or successor that a motion is proper under that section, it cannot apply to this case or affect the provisions of the Revised Statutes, which are directly applicable.

The motion to strike the cause from the calendar is denied, without costs.