WILLIAM C. BREED et al., as Receivers of the NEW YORK NATIONAL BUILDING AND LOAN ASSOCIATION, Appellants, *v.* LEONARD RUOFF et al., Respondents.

FORECLOSURE ACTION — WHEN SALE CANNOT BE POSTPONED BY A JUDGMENT WHICH IS PRACTICALLY A PERPETUAL STAY OF PROCEEDINGS. Where, upon the trial of an action to foreclose a mortgage brought by the receivers of a loan association upon which some amount was due, the court declined to find the amount due or to award a judgment of foreclosure and sale for any portion of the mortgage debt, upon the theory that, owing to litigation pending and uncertainty as to the amount of the assets of the association, it was then impossible for the receivers to state even approximately the amount of the dividends which the defendants would be entitled to receive upon their stock in the association, and postponed the foreclosure and sale until that fact could be ascertained upon the final accounting of the receivers and directed that a judgment should be entered for its ascertainment as soon as the assets of the association were sufficiently liquidated for the purpose, the judgment must be reversed ; the plaintiffs are entitled to a sale of the premises to secure the payment of their mortgage debt and cannot be deprived of it unless some adverse dominating equity requires it and the proofs bring the case within the exceptional class.

*Breed* v. *Ruoff*, 71 App. Div. 621, reversed.

(Argued January 14, 1903; decided January 27, 1903.)

APPEAL from an order or alleged judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 3, 1902, affirming a determination entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. D. B. Hasbrouck* and *Russell S. Johnson* for appellants. The decree of the Special Term, though not technically so, was really final. (*Breed* v. *Ruoff*, 66 N. Y. Supp. 427 ; *Mills* v. *Hoag*, 7 Paige, 18 ; *Pullman* v. *Christain*, 6 Hun, 209 ; *Craighead* v. *Wilson*, 18 Hun, 202 ; *Thomson* v. *Dean*, 7 Wall. 342 ; *Winthrop* v. *Meeker*, 109 U. S. 180 ; *McGourkey* v. *T. & O. R. R. Co.*, 146 U. S. 548.) If the decree is not final it is unwarranted in the law and void. (*Rogers* v. *Raines*, 38 S. W. Rep. 483 ; *Strohen* v. *Assn.*, 115 Penn. St. 273 ; *Rogers* v. *Huego*, 92 Tenn. 38 ; *Meares* v. *Davis*, 28 S. E. Rep. 188 ; *Thompson* v. *Assn.*, 120 N. C. 420 ; *Moran* v. *Gray*, 38 Atl. Rep. 668 ; *Towle* v. *Am. Society*, 61 Fed. Rep. 446 ; Code Civ. Pro. § 3333.) The Supreme Court should have directed judgment of foreclosure and sale for the amount proved due on the bond and mortgage. (*Outwater* v. *Moore*, 124 N. Y. 66.)

*Thaddeus D. Kenneson* and *Edward J. Mone* for respondents. The Court of Appeals has no jurisdiction of this appeal. (Code Civ. Pro. § 190 ; *Van Arsdale* v. *King*, 155 N. Y. 325.) The judgment appealed from is an interlocutory judgment and not a final judgment, and this court has no jurisdiction to entertain this appeal. (*Tompkins* v. *Hyatt*, 19 N. Y. 534 ; *King* v. *Barnes*, 107 N. Y. 645 ; *McKeown* v. *Officer*, 127 N. Y. 617 ; *Catlin* v. *Grissler*, 57 N. Y. 357 ; *Jones* v. *Jones*, 81 N. Y. 35 ; *Raynor* v. *Raynor*, 94 N. Y. 248 ; *Anderson* v. *Daley*, 159 N. Y. 146.)

*Per Curiam.* This action was for the foreclosure of a mortgage given by the defendants to the New York National

Building and Loan Association which, by reason of the insolvency of such association, came into the hands of the plaintiffs as receivers thereof. It was to secure the sum of twenty-five hundred dollars advanced by the association to the defendants. The bond and the mortgage to secure it both provided that in case of default in payment of that sum or any part thereof, the principal of twenty-five hundred dollars, and any and all sums for interest, premiums, dues and fines thereon, should, at the option of the association, its successors or assigns, become due and payable.

That some amount was due upon the mortgage, according to its terms and provisions, there is no doubt; but the trial court declined to find the amount due or to award a judgment of foreclosure and sale for any portion of the mortgage debt. This was based upon the theory that, owing to litigations pending and uncertainty as to the amount of the assets of the association, it was then impossible for the receivers to state, even approximately, the amount of the dividends which the defendants would be entitled to receive upon their stock in the association. Therefore, instead of ascertaining the amount due upon the mortgage and awarding the plaintiffs a judgment of foreclosure and sale for that sum, and leaving the amount of the dividends due the defendants which could not be then ascertained to be determined and adjusted upon the final settlement of the receivers' account, the court ordered that the foreclosure and sale be postponed until the sum of credits due to the defendant Leonard Ruoff, Sr., be finally cast upon the accounting of the receivers, and that a judgment should be entered for the ascertainment of that amount as soon as the assets of the association were sufficiently liquidated for the purpose.

The first question which is presented relates to our jurisdiction. The contention of the respondents is that the judgment is interlocutory, and, hence, not appealable to this court. That it has been denominated throughout as an interlocutory judgment is a fact, but that is not absolutely controlling. This court said in *Otten* v. *Manhattan R. Co.* (150 N. Y. 395,

401) that the court below could not create a question of fact
by declaring that there was one. So, here, the court could
not make such a judgment interlocutory merely by declaring
it to be such. Therefore, the more important question is
whether it is in fact an interlocutory judgment, a judgment
finally determining the case, or practically a judgment award-
ing a perpetual stay of the action. It certainly was not a
judgment finally adjudicating the rights of the parties. As
we have seen, the action was to foreclose a mortgage, to
which relief the plaintiffs were apparently entitled. Instead,
however, of awarding them that relief, the court granted
what it denominated an interlocutory judgment for the ascer-
tainment of the amount of dividends to which the defend-
ants are entitled, as soon as practicable, and the assets of the
plaintiffs are sufficiently liquidated, with no provision for
ascertaining the amount by reference, by trial before the
court, or otherwise. Thus the effect of this adjudication was
to stay the proceedings of the plaintiffs indefinitely, and to
make their rights depend upon the practicability of such a
determination, which was when the assets of the plaintiffs
were sufficiently liquidated. This provision was unique in
its uncertainity as to time, as to the manner of execution,
and as to the sufficiency of the liquidation required. With
no provision as to the means or manner of ascertainment, the
court has declared that the amount of dividends to which the
defendants may ultimately be entitled shall be determined
when the assets of the association are sufficiently liquidated.
This leads to the inquiry how and when the assets are to be
liquidated. This can only be accomplished by a judicial or
contractual determination, not only of their amount, but also
of their value, followed by their payment or collection. If
payment is refused and the courts are closed to the receivers
when seeking to ascertain, liquidate and collect the amount
due from the debtors to the association, it would seem quite
impossible for them to ever liquidate the amount of their
assets. Moreover, if the courts may refuse to determine the
amount due in one case, they may in all, and it would follow

that no such liquidation could be had. Thus we see that the ascertainment provided for in this case is postponed until the happening of an event which is quite likely never to occur.

A judgment that provides for certain and definite action in a case before a final judgment shall be entered, may be an interlocutory judgment, but when a court declares in effect that it will not proceed with the case either under such judgment or in pursuance of the interlocutory order, without providing any definite act to be performed, or the manner of performance, it can hardly be said to be an interlocutory judgment, especially where, as in this case, it amounts practically to a perpetual stay of proceedings, because the fact to be ascertained is impossible of ascertainment before final judgment. It may be said that there was a provision by which the parties might apply for a further order or judgment when the amount due the defendants, if any, should be ascertained. True, but the alleged judgment or order, without providing any time or manner for ascertaining the dividends, has given leave, not to apply to have them ascertained, but, after they have been ascertained in some manner not referred to or described in the judgment, to apply for some further order or judgment. We are of the opinion that this determination was not an interlocutory judgment, within the ordinary acceptation of the term, but was a judgment practically staying the proceedings of the plaintiffs without limit, and in that respect was essentially final, and, therefore, the subject of review by this court. In other words, we think that there was a mistrial of this action, and that the rights of the parties are the same as though no judgment had been entered herein. If this had been a case where the court could have ascertained the amount of dividends to which the defendants were entitled, and it had provided for such ascertainment, by reference or otherwise, before final judgment, its action would have been justified and the judgment would have been interlocutory. But in this case it is an admitted fact that it is impossible to ascertain the amount of dividends, even approximately. Therefore, as suggested, it being impos-

sible to meet the condition upon which its proposed interlocutory action is to be taken, it amounted to a denial of the plaintiffs' rights, as well as a practical stay of any proceedings to enforce their mortgage. Thus the order of the court, call it what you may, was a final determination which practically denied the plaintiffs their rights or any remedy to enforce them.

If it be said that this fact will be ascertained by the plaintiffs before the final settlement of their account, the question at once arises, if every mortgagor can absolutely stay proceedings until that time, how it will be possible for the receivers to ascertain the amount which they will receive upon such mortgage debts, or to determine the amount of any dividend belonging to the defendants. If the court may stay the proceedings in this action until that time, it may in every other, and, hence, render such an accounting impossible and the stay perpetual.

Had the judgment in this case actually adjudged that the plaintiffs were not entitled to recover upon the ground that the defendants were entitled to the amount of the dividends upon their shares in the plaintiff association as a set-off or counterclaim against the plaintiffs' right of action, that it was impossible to ascertain that fact, and upon that ground awarded the defendants a judgment dismissing the complaint, it could not be contended for a moment that the judgment was not so far final as to give the court jurisdiction to set it aside as the result of a mistrial. Such being the effect of the determination appealed from, it can hardly be said to be interlocutory when it is practically the same as though the complaint had been dismissed.

In *Moulton* v. *Cornish* (138 N. Y. 133, 143), which was an action in the nature of a strict foreclosure, this court, in discussing the rights of a subsequent mortgagor, among other things, said : " The right to a judicial sale of the mortgaged property to pay the mortgage debt, is in this state one of the incidents of the mortgage contract; and if the mortgagor is in default, the mortgagee is entitled to the enjoyment of this right unimpaired." "This right is so important, in these

cases, that the holder of the mortgage cannot be deprived of it, without, at the same time, very sensibly impairing and depreciating the security created by the mortgage. And as such it is an essential attribute of property, which positive legislation, even, cannot destroy without impairing the obligation of the contract out of which it arises." (*Peabody* v. *Roberts*, 47 Barb. 91, 95.) In the *Moulton* case it was further said : " It is not necessary to hold that in no case can the right to sell be held in abeyance ; but the right cannot be denied, or suppressed unless some adverse dominating equity requires it. * * * It is not a matter of discretion with the trial court whether a remedy of this kind shall be applied. The proofs must bring the case within the exceptional class in which it is permitted, and then the measure of the relief to be granted or the conditions upon which it will be allowed are, to a certain extent, discretionary."

So we say in this case that the plaintiffs were entitled to a sale of the premises to secure the payment of their mortgage debt, and that they could not be deprived of it, unless some adverse dominating equity required it and the proofs brought the case within the exceptional class. In this case there was no such proof, but, on the contrary, it being a conceded fact that the amount due from the association to the defendants could not be ascertained until the final accounting of the receivers, which must, of necessity, follow the ascertainment of the amount of the assets which would come into their hands, there could be no equity which would justify the court in practically holding up the settlement of the estate by refusing to enforce its claims against mortgagors upon the theory that there might be some amount which, upon such final settlement, would become due and should be paid or allowed to such mortgagors.

We, therefore, reach the conclusion that the determination of the Appellate Division and of the trial court must be set aside and a new trial granted, to the end that the trial court may ascertain the amount, if any, due upon such mortgage independently of any dividends which cannot be ascertained

to which the defendants may be entitled upon the final settlement of the receivers' account, but without prejudice to the defendants' rights to enforce such dividends to the same extent and ·with the same effect as though this action had not been brought, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.