PRESTON v. BRINLEY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

BUILDING ASSOCIATIONS—INSOLVENCY—FORECLOSURE OF MORTGAGE—FINES.

Neither the bond nor mortgage given by a borrowing stockholder to a building association stated that the mortgage was security for any fines that might be imposed, but there was a clause that all payments to be made by the borrower should be conditioned on the by-laws of the corporation; and the stock certificates specified that, on default of payment under the by-laws, certain fines should be imposed, but the mortgage mentioned "dues," "interest," "taxes," and "assessments." Subsequently the borrower turned over to the corporation the rents of the premises, but in the account of the receipts and application of the rents the corporation did not apply any of the moneys received to the payment of fines. *Held*, in a suit to foreclose the mortgage by the receiver of the insolvent corporation, that the fines imposed could not be so collected.

Appeal from Special Term, New York County.

Suit by Charles M. Preston, as receiver of the New York Building Loan Banking Company, against Caroline Brinley and others. From a judgment directing the foreclosure of a mortgage, etc., defendants appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Alfred R. Page, for appellants.
Charles W. Dayton, for respondent.

McLAUGHLIN, J. On the 30th of March, 1899, the defendant Brinley was the owner of certain real estate in the city of New York, upon which there was a mortgage of $83,000. She desired an additional loan of $8,000, and applied to the plaintiff corporation for membership, and made a premium bid of $21,840 in stock for the loan of $91,000 which she required. The result of her application was that the corporation accepted her as a member, and, instead of advancing the $83,000 necessary to pay off the prior mortgage, it assumed and agreed to pay the same, and advance in cash the $8,000 required. It issued to her its stock to the amount of 910 shares, of the par value of $100 each, representing the prior mortgage and the cash advanced, and 218.4 shares, representing the $21,840 which she had bid as a premium for the loan. To secure the payment of such sum she gave her bond to the corporation, secured by a mortgage upon such real estate, for $112,840, by which she agreed to pay the sum of $705.25 per month—made up of $113.75 dues on 910 shares of regular stock at 12½ cents each, $27.30 dues on 218.4 shares premium stock, $455 interest on $91,000, the amount of the prior mortgage and the $8,000 advanced, and $109.20 interest on the premium of $21,840. The premium was not paid in monthly installments as such, but the stock representing it was treated in precisely the same manner as the balance of the stock issued upon the application for the loan, and interest at the rate of 6 per cent. was agreed to be paid upon the principal sum of the mortgage. As additional collateral security for the payment of the sum agreed to be paid, she assigned to the corporation all of the stock for which she had subscribed, and upon which she thereafter made partial payments. She failed and neglected, however, to make the payment due under the mortgage on January 1, 1903, and in July following the corporation declared the whole sum due under a default clause in the mortgage, and began foreclosure. During the pendency of the action, and on the 24th of February, 1904, judgment was entered dissolving the corporation and appointing the plaintiff a permanent receiver thereof, and he was subsequently substituted as the party plaintiff herein.

At the trial the facts were stipulated, and by such stipulation it appeared that no part of the principal of the prior mortgage for $83,000 had been paid, but that the corporation had paid out, on account of its mortgage, $4,405.69 for taxes and insurance, $18,957.57 for interest on the $83,000 mortgage, and had also advanced the $8,000 above mentioned; that she had paid to the corporation, after the execution of the mortgage, in interest and stock dues, the sum of $8,654.99; that one of the by-laws of the corporation (article 35) provided that any member failing to pay his monthly dues or interest on shares such as the defendant Brinley subscribed for, on or before the third business day of each month, in advance, should be subject to and pay a fine of 5 cents per share; that by reason of defendant Brinley's default, under this by-law, the fines imposed

upon her amounted to $2,595.32, which sum the trial court added to the other sums found due under the mortgage.

The plaintiff contended upon the trial that, in computing the amount due upon the mortgage, either the whole amount of premium and fines, or else a proportionate amount of the premium, together with the fines, should be charged. The defendant Brinley contended that the fines were not secured by the mortgage, and that she should have credit for all payments of dues and interest on her premium stock, which was for all dues paid on the stock issued to represent the first mortgage, of $83,000, on the theory that, the corporation being insolvent and unable to carry out its agreement to pay off that mortgage, the consideration for the premium of the stock represented by that sum had failed. The trial court held that the mortgagor should be charged with a proportionate amount of the premiums on all of the stock, together with the fines, and that there was due the plaintiff—adopting this method of computation—the sum of $27,979.82, of which $2,595.32 represented fines, for which amount judgment of foreclosure and sale was directed. The appellants challenge the correctness of the conclusion thus reached.

I am of the opinion that the fines were not secured by the mortgage, and to this extent the judgment is erroneous, but in all other respects the method of computation adopted by the trial court was as favorable to the appellants as could be demanded.

Turning to the bond and mortgage, it will be found that neither of them expressly states that it is given to secure the payment of any fines which may be imposed, and their payment is sought to be made a lien, even against subsequent purchasers, and including the same in the judgment of foreclosure justified, under a clause which provides that "all payments to be made by the party of the first part * * * shall be deemed to be conditioned upon * * * the by-laws of the said corporation, although the same may not be fully expressed herein," and also because the stock certificates specified that, upon default of payment in the manner provided in the by-laws, a fine of five cents per share would be imposed. If the payment of such fines is secured by the mortgage, it is only by an inference to be drawn, because there is no language expressed therein which justifies such a result.

The complicated manner in which building loan associations have heretofore conducted their business has given rise—especially when they have become insolvent—to no little confusion as to the legal principle to be applied where the foreclosure of a mortgage given by a member to secure a loan is sought. The relation existing between such corporations and a borrowing member is not, strictly speaking, the same as that which exists between an ordinary debtor and creditor. When a person becomes a member of such association for the purpose of borrowing money, and subscribes for stock to the amount of his loan, he becomes not only a borrower, but also an investor, and in the latter capacity has an interest in the profits realized by the corporation out of the loan pro-

portionate to his stock. The premium is a bonus charged to a member wishing to borrow for the privilege of anticipating the ultimate value of his stock by obtaining the immediate use of the money his stock will be worth at the end of the period contemplated by the parties to the transaction. 6 Cyc. 147; Curtis v. Granite State Provident Ass'n, 69 Conn. 6, 36 Atl. 1023, 61 Am. St. Rep. 17. His membership gives him the advantage of making gradual deferred payments, and he is at all times a shareholder, subject to be affected by the success or failure of the company. He is entitled to share in the profits, and obligated to pay his share of the losses. If the corporation becomes insolvent, as in the present case, he is obligated to bear his proportionate loss with other stockholders similarly situated. While it is true the insolvency of the corporation, in a sense, works a destruction of the contract, his obligation, nevertheless, as mortgagor, still remains, and he must pay what he has agreed to. If the assets of the insolvent corporation are sufficient to reimburse him for what he has paid on his stock, he is without loss, but, if they are not, he must lose in proportion to other investors. It is only in this way that justice can be done to all persons situated as he is. If this be true, then it necessarily follows that his rights cannot be adjusted on the foreclosure of his mortgage, and for the reason that it cannot then be determined with any degree of certainty what the assets of the corporation are, or whether they will be sufficient to pay stockholders in full, or only a proportionate part. Hall v. Stowell, 75 App. Div. 21, 77 N. Y. Supp. 953; Riggs v. Carter, 77 App. Div. 580, 79 N. Y. Supp. 177; Roberts v. Cronk, 94 App. Div. 171, 88 N. Y. Supp. 103. The only authority which I have been able to discover, suggesting that a deduction should be made from the amount found due on the mortgage by estimating dividends thereafter to be made, is Breed v. Ruoff, 54 App. Div. 142, 66 N. Y. Supp. 422, and this doctrine seems to have been repudiated in Breed v. Ruoff, 173 N. Y. 340, 66 N. E. 5.

To allow the defendant Brinley, by way of reduction of the amount found due upon her mortgage, what she has paid to the association in dues, interest, or premium, would give her a preference over other stockholders, who might eventually be compelled to take a less percentage on their claims than she would thus receive. Hannon v. Cobb, 49 App. Div. 480, 63 N. Y. Supp. 738. The trial court, however, did allow her what is denominated a proportionate amount of the dues paid upon her stock. Of this the plaintiff does not complain, and, if the defendant has received more than she is entitled to in that respect, she ought not to complain.

The case of Riggs v. Carter, supra, upon which the trial court relied in including the fines as a part of the amount due, is not in point. That case is clearly distinguishable from this. There it was said that the mortgage contained an express provision for the payment "of all fines which may be imposed by said association for default in payment of said interest, premium, and dues." So, too, did the mortgage considered in Roberts v. Cronk, supra. Fines

may be deemed a part of the money to grow due upon a mortgage if the parties have so agreed. Concordia Savings & Aid Association v. Read, 93 N. Y. 474. Here "dues," "interest," "taxes," and "assessments" are specifically mentioned in both the bond and mortgage, and penalties are prescribed for their nonpayment, but nothing is specifically said as to fines, and the most that can be claimed is that the same are included because a reference is made to the by-laws regarding the payments. In the application for membership, too, nothing was specifically said as to fines. In the agreement which was made after the execution of the mortgage, by which the defendant Brinley turned over to the corporation the rents of the premises upon which the mortgage was given, nothing was said with respect to the payment of fines, and some of which, at least, must at that time have been due, because there had been a default under the mortgage. Nor in the account of the receipts and application of the rents did the corporation apply any of the moneys received to the payment of fines, the inference being at least that it did not consider the same applicable to such payment. To hold that the mortgage covers the fines, there must be spelled into it a provision which is not expressly found therein. This cannot be done, because, if there is any uncertainty or ambiguity in the terms of the mortgage, a construction must be adopted which is most favorable to the borrower. I do not think that fines imposed by an association upon its members for default in the payment of dues and interest can be collected by foreclosure of a mortgage given to secure the payment of the sum borrowed or of dues and interest, unless the parties have expressly agreed that such fines may be so collected. Bowen v. Lincoln Building & Loan Ass'n, 51 N. J. Eq. 272, 28 Atl. 67; Hamilton Building Ass'n v. Reynolds, 5 Duer, 671. The fines are imposed as a penalty, and, before collection can be made, a clear legal right thereto must be made to appear. That was a part of the discipline of the association towards its members. If the original mortgagor had continued to be the owner of the mortgaged premises, there might possibly be some reason for saying the fines should become a part of the amount found due on the mortgage; but she has transferred it to the defendant Knapp, who is now the owner of the equity of redemption. The purchaser had a right to rely upon the strict terms of the mortgage in making her purchase, and there is no evidence that she had any knowledge that fines had accumulated which were chargeable upon the property purchased, or that she acquiesced in their so being made a charge.

I am of the opinion, therefore, that the fines were not properly chargeable as a part of the principal, and that the judgment appealed from should be modified by deducting from the amount found due $2,595.32, and as so modified the judgment should be affirmed, with costs to the appellants, to be deducted from the amount of the judgment. All concur.