(50 Misc. Rep. 407.)

### LATZ v. BLUMENTHAL et al.

(Supreme Court, Special Term, New York County. May, 1906.)

1. ABATEMENT—ACTION AGAINST FIRM—DEATH OF PARTNER.

> Where a summons in an action against two partners on a partnership contract is served on one of them, and he dies before trial, the action, under Code Civ. Proc. § 755, does not abate, as the cause of action survives against the surviving partner.
>
> [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 325.]

2. SAME—SUBSTITUTION OF REPRESENTATIVE.

> Where an action is brought against two partners and summons served on one of them, and he dies, plaintiff need not make his personal representative a party, as the surviving partner is primarily liable, and the repre-

sentative would be liable only if the surviving partner should be unable to pay the debt.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, §§ 424, 425.]

Action by Mack Latz against Herman B. Blumenthal and Solomon Blumenthal. Demurrer to separate defense sustained.

Walter J. Rosenstein, for plaintiff.

Levy & Halff (M. L. Halff, of counsel), for defendants.

GILDERSLEEVE, J. Herman B. Blumenthal and Solomon Blumenthal were copartners, and the cause of action is based on a copartnership contract. Both were named as defendants in the summons and complaint, but service of process was made on Herman B. Blumenthal only, who died without service having been made on the other defendant and before the action had been brought to trial. Subsequent to the death of Herman, however, the other defendant voluntarily appeared in the action. In his answer he sets up a separate defense, to the effect that the action abated on the death of Herman B. Blumenthal. Assuming this to be so, it would seem that Solomon Blumenthal waived any such defense by voluntarily appearing in the action after the death of Herman B. Blumenthal. But be that as it may, the defense is insufficient in law upon the face thereof, and the demurrer thereto must be sustained. On the cause of action set forth in the complaint the two defendants were jointly liable as copartners, and the death of one of the defendants does not abate the action, which may proceed against the surviving defendant. Fine v. Righter, 3 Abb. Prac. (N. S.) 385. Under sections 1932–1935 of the Code, had Herman not died, plaintiff could have obtained judgment against both defendants, without serving Solomon with process, and issued execution against the copartnership property and the individual property of the partner served with process, although not against the individual property of the partner not so served with process. Section 755 of the Code provides that "An action does not abate by any event, if the cause of action survives or continues." There is no legal distinction between survivorship as between copartners and survivorship as between joint debtors. Potts v. Dounce, 173 N. Y. 340, 66 N. E. 4. The cause of action in question is based on a joint contract of both defendants, and there can be no question as to its surviving. It follows, therefore, from section 755 of the Code, that this "action does not abate by any event," even the death of the only defendant served with process. Section 758 of the Code provides that, in case of the death of one of two or more defendants, if the entire cause of action survives against the others, the action may proceed against the survivors.

As we have seen, the defendant Solomon Blumenthal was one of the original defendants named in the summons and complaint, and the fact that Herman died before plaintiff had had an opportunity to have process served on Solomon does not abate this action on a joint liability, or prevent the plaintiff from proceeding against the surviving defendant upon his voluntary appearance in the action. At best there was merely a suspension in the prosecution of the action from the

death of Herman to the voluntary appearance of Solomon. There is no occasion for plaintiff's making the personal representative of Herman a party to the action, as there is no claim that the surviving partner is insolvent or unable to pay the debt. Upon the death of one of two joint contractors, the primary liability for a breach of the contract rests upon the survivor; and the liability of the personal representative of the decedent is dependent upon the insolvency or inability to pay of the survivor, which is a fact essential to the cause of action as against the survivor and the representative jointly, and it must be alleged in the complaint. Barnes v. Brown, 130 N. Y. 386, 29 N. E. 760; Potts v. Dounce, 173 N. Y. 339, 66 N. E. 4. The principle is the same whether the contract be an ordinary joint undertaking or one of partnership. Potts v. Dounce, 173 N. Y. 339, 66 N. E. 4. Plaintiff's right to continue the prosecution is unaffected by the death of Herman, as the right of action continues. No leave is necessary, because no one is to be substituted in the place of the deceased. A mere suggestion on the record of the death of Herman would be sufficient to inform the court why the name of Herman B. Blumenthal is omitted as defendant. Taylor v. Church, 9 How. Prac. 190. The demurrer is sustained, with costs, and with leave to defendant to amend the answer.

Demurrer sustained, with costs, with leave to defendant to amend answer.