MARY E. DICKERSON and ELLEN GOMPERTS, Appellants, v. FRANK P. SHEEHY and Others, Respondents, Impleaded with AGNES MARIE KLAUER and JOHN A. KLAUER, Appellants.

(First Department, April 4, 1913.)

WILL CONSTRUED—REMAINDER CONTINGENT ON DEVISEE ATTAINING AGE OF TWENTY-FIVE YEARS—DEATH OF CONTINGENT REMAINDERMEN BEFORE REMAINDER VESTED.

,Where a testator devised his residuary estate in trust with a direction that two-fifths of the rents and profits be paid to his widow for life, the other three-fifths to be divided into equal parts, one portion to be devoted to the maintenance of a son until he attained his majority, and the income to be paid over from that time until he attained the age of twenty-five years, when the corpus was to be conveyed to him, together with unexpended income therefrom, a similar provision being made for another son, with a further direction that on the death of the widow one-fifth of the residue was to be conveyed to the sons if they had attained the age of twenty-five years, and if not, then to be conveyed to them on attaining that age, the sons took a contingent not a vested remainder, there being no words indicating an intention that they should have any interest in the real estate other than the income until they attained the age of twenty-five years.

Hence, where a son died before the widow not having attained the age of twenty-five years, the contingency upon which the lands were to be conveyed to him did not happen, and they passed to the heirs of the testator.

INGRAHAM, P. J., and LAUGHLIN, J., dissented, with opinion.

APPEAL by the plaintiffs, Mary E. Dickerson and another, and the defendants, Agnes Marie Klauer and another, from a judgment of the Supreme Court in flavor of certain of the defendants, entered in the office of the clerk of the county of New York on the 1st day of October, 1912, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining a demurrer to the complaint and dismissing the same upon the merits.

William F. McCormack, for the plaintiffs, appellants.

Willard N. Baylis, for the appellants Klauer.

Daniel Daly, for the respondents Sheehy and Regan.

McLaughlin, J.—Action to partition certain real estate in the city of New York. Two of the defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and from a final judgment dismissing the complaint the plaintiffs and two of the defendants appeal.

Whether the complaint states a cause of action depends entirely upon the construction to be put upon the will of Patrick Sheehy. He died on the 24th of February, 1896, leaving him surviving a widow, two sons and three daughters. By his will, after certain specific legacies not necessary to be here considered, he gave, devised and bequeathed all the rest, residue and remainder of his property, both real and personal, to his executors in trust for the following purposes, among others, to collect the rents, issues and profits of his real estate and pay two-fifths thereof to his widow during her life; to divide the other three-fifths into two equal parts and apply so much of one part as his executors deemed proper to the maintenance and education of his son Edward until he attained the age of twenty-one years; and upon his attaining that age, to pay over to him such part from time to time until he attained the age of twenty-five years. Then the will provided: "Upon my said son attaining the age of twenty-five years, to convey, transfer and pay over to him three-tenths of all the rest, residue and remainder of all my real esate and one-half of all the rest, residue and remainder of all my personal estate, together with all unexpended interest, income and profits of the said one of the said two equal parts mentioned in said paragraph '6' to my

said son Edward C. Sheehy, his heirs, representatives and assigns forever.   *   *   *   Upon the decease of my said wife, if my said son be then twenty-five years of age, to convey and transfer to my said son Edward C. Sheehy, one-fifth of all the rest, residue and remainder of my estate; if my said son be not then twenty-five years of age, then upon his attaining that age."

A similar provision was made by the testator for his other son Frank, so that the two sons and the widow were the only ones mentioned in the will who had or took a beneficial interest in the real estate.  One daughter was given a legacy of $500, another a legacy of $1,000, and a third the income for life on a trust fund of $5,000.  The son Edward died on the 16th of January, 1901, and he was then twenty-four years, seven months and two days old.  He left a will by which he devised all his real estate in trust for his mother and brother Frank. The mother died on the 6th of March, 1904.  Frank is now over twenty-five years of age and all of the trusts created by the will of Patrick Sheehy have terminated.  The action is brought by two of the daughters of Patrick Sheehy to partition the real estate upon the theory that the son Edward was, by his father's will, given only a contingent interest in the real estate therein mentioned up to the time he became twenty-five years of age, and he having died before reaching that age, as to that interest Patrick Sheehy died intestate, and the same belongs to his heirs at law.

The question then is whether the interest which Edward took in the real estate was contingent or vested.  There are, in the will, no direct words of gift to him.  The entire residuary estate is given to the executors, with direction to them, upon his reaching the age of twenty-five years, " to convey, transfer and pay over to him " a portion of the estate.  The will will be searched in vain to find any words indicating an intention that the son Edward, until he reached twenty-five years of age, should have

any interest in the real estate itself, other than the income derived therefrom. It is only upon his attaining that age that the executors are directed "to convey, transfer and pay over." Upon the death of the widow the executors were to convey and transfer a certain interest if Edward "be then twenty-five years of age," and if he were not then twenty-five years of age, "then upon his attaining that age" —clearly showing, as it seems to me, that the testator's purpose was that Edward's interest should not vest until he became twenty-five years of age.

The general rule, under such circumstances, as I understand it, is that the testator is presumed to have intended a gift which should not vest until the time set for the transfer or payment to the beneficiary. What was said in Matter of Baer (147 N. Y. 348) is quite applicable here. The court said: "Moreover, there is not in this devise any words of direct and immediate gift to the children or heirs of the brother, but a direction that the trustees should convey to them at a future time on a certain contingency. They were to take through the medium of a power in trust, and the time of the vesting of the interest was thus deferred in form, at least, until the time of distribution. It is a case then where, as the cases express it, ' futurity is annexed to the substance of the gift,' and warrants the application of the principle that where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift."

I am aware of the existence of a rule which favors the vesting of estates, but that rule is never applied when the intention of the testator, as gathered from the whole will, is that the estate should not vest; in other words, all of the rules laid down

for the construction of wills yield to the actual intent of the testator if that can be ascertained from the will itself.

A will similar in some respects to the one under consideration is considered in Lewisohn v. Henry (179 N. Y. 352). In holding that there was no vesting until the beneficiary reached a certain age, the court said: " The trustees took the legal title with the usual power of management and with the duty of applying the net income to the use of the respective beneficiaries. They were to ' have and to hold ' each share until the child for whose benefit it had been set apart should reach a certain age, and ' upon arrival ' at that age they were to convey and pay over to him or her a part of the capital ' in fee simple and absolutely.' The use of the word ' upon,' followed by a direction to convey, indicates that until the contingency named should happen there was to be no vesting.   *   *   *   No part of the capital was to go to the children until the time fixed for absolute transfer to them should arrive.   The direct gift to the executors and the absence of any gift of capital to the children in the first instance, show that there was no intent to vest title in them prior to the date named for distribution.   The gift of capital to the children was through the direction to convey and there was no vesting until the time to convey came around."

In Schlereth v. Schlereth (173 N. Y. 444) the will gave all the property to the executors in trust to pay the income to testator's only daughter during her life, and after her death, leaving issue, to pay over the income to such issue in equal shares until the youngest should attain the age of twenty-one years, and then to divide and distribute the whole trust fund among such issue in equal shares.   It was held that the estate did not vest until the time arrived for distribution.

In Brooklyn Trust Co. v. Phillips (134 App. Div. 697; affd., 201 N. Y. 561) the testator gave $10,000 to his executors in trust for a beneficiary for life and after her death to divide the same equally between her two children upon their respectively

arriving at the age of twenty-one years. It was held that the vesting depended upon two contingencies, survival of the beneficiary and the arrival at the specified age. Upon the failure of either the estate failed to vest, the court saying: "There are not in this devise any words of direct gift to the children of Mrs. Phillips, but a direction that the executors should convey to them, at a future time, on certain contingencies. They were to take through the medium of a power in trust, and the time of the vesting of the principal of the legacy was thus deferred until the time of distribution."

In National Park Bank v. Billings (144 App. Div. 536; affd., 203 N. Y. 556) it was held that a gift to trustees, among other things, to hold until testator's son attained the age of twenty-five years and then convey to him, gave to the son only a contingent interest.

It is true there are certain exceptions to the rules thus laid down with reference to vesting. In Matter of Crane (164 N. Y. 71) these exceptions are classified under two heads: (a) Where the postponement of the transfer or payment to the beneficiary is for the purpose of letting in an intermediate estate; and (b) where there are words in the will, aside from the direction to the trustee to pay over, which import a gift vested in interest prior to the time for payment.

But a careful consideration of all of the provisions of this will shows that these exceptions have no application. There is no intervening estate which necessitated the postponing of the transfer of the estate to Edward until he arrived at twenty-five years of age. Nor are there any words in the will which indicate an intention to make a present devise to him; on the contrary, the entire scheme of the testator indicates, as it seems to me, an intention to withhold from the son the power of disposition over the corpus of the estate until he became twenty-five years of age.

An illustration of the second exception mentioned in the

Crane case is found in Warner v. Durant (76 N. Y. 133). There the court said: " Where the gift is to be severed *instanter* from the general estate for the benefit of the legatee, and in the meantime the interest thereof is to be paid to him, that is indicative of the intent of the testator that the legatee shall at all events have the principal and is to wait for the payment until the day fixed."

But in the present case there was no immediate severance. The executors were directed to collect the rents, issues and profits from the *entire* residuary estate and divide them in certain proportions among the beneficiaries named. It was not until Edward reached twenty-five years of age that there was to be a division and a severance of his share from the estate, and until that time arrived his interest in the real estate was contingent merely.

My conclusion, therefore, is that the interest of Edward was contingent upon his reaching twenty-five years of age, and that he having died prior to that time the interest which he otherwise would have taken passed to the heirs at law of Patrick Sheehy, two of whom are the plaintiffs; that the complaint states a cause of action, and for that reason the judgment appealed from is reversed, with costs, and the demurrer overruled, with costs, with leave to the respondents to withdraw demurrer and interpose an answer on payment of costs.

CLARKE and DOWLING, JJ., concurred; INGRAHAM, P. J., and LAUGHLIN, J. dissented.

INGRAHAM, P. J. (dissenting).—As stated in the prevailing opinion the decision of this case depends entirely upon the construction of the will of Patrick Sheehy. After a small bequest to each of his daughters the testator left all the rest, residue and remainder of his estate to his executors in trust, to receive the rents, issues and profits thereof and to pay to his wife from

time to time two-fifths of the rents, issues and profits during the term of her natural life; to divide the remainder of the rents, issues and profits thereof into two equal parts; to apply so much of one of such parts as the trustees should deem proper to the maintenance and education of his son Edward until he should attain the age of twenty-one years, and upon his said son attaining the age of twenty-one years to pay to him one of said parts from time to time until he should attain the age of twenty-five years, and upon his said son attaining the age of twenty-five years to convey, transfer and pay over to him three-tenths of his residuary estate together with all unexpended income and profits of the said one of the said equal parts to his said son Edward. And further providing that upon the decease of his wife if his said son be then twenty-five years of age to convey to his said son one-fifth of all the rest, residue and remainder of his estate, and if his said son be not then twenty-five years of age then upon his attaining that age; with a similar provision as to the other equal parts of three-fifths of his estate to his son Frank. The testator's wife and his son Edward survived the testator. The testator's wife died on the 6th of March, 1904, and the testator's son Edward died on the 16th of January, 1901, then over twenty-one years of age, leaving a last will and testament which was duly admitted to probate and which bequeathed and devised the interest that he had in his father's estate. If the undivided half of the estate held in trust for the benefit of Edward vested on the death of the testator or upon his arriving at the age of twenty-one years then the plaintiffs had no interest in the property and the action cannot be maintained. If no interest in the estate vested in the testator's son Edward until he became twenty-five years of age then the testator died intestate as to Edward's share of the trust property and plaintiffs have an interest in common in the real property and can maintain this action which is to partition the real property left by the testator.

I think, under the will, the residuary estate was divided upon the death of the testator into three parts. Two-fifths thereof were to be held for the benefit of the widow during her life, and the remaining three-fifths were to be held for the benefit of the two sons until they, respectively, arrived at the age of twenty-five years. Unless that was the intention of the testator, a quesion would be presented as to whether the trust was not void, as it would apparently continue during the lives of the widow and the two sons, being three lives in being at the death of the testator. If there was but one trust, and no final distribution of the property until the death of the widow, and the two sons becoming twenty-five years of age, then the trust could not terminate upon the ending of two lives in being at the death of the testator. But this, I think, would be clearly contrary to his intention, and it is a settled principle in the construction of wills that, if it is possible to construe a will so that a trust will not violate the statute, and thus be void, such a construction will be given to it. This testator clearly intended that one-half of three-fifths of his residuary estate should go absolutely to each of his two sons upon their arriving at the age of twenty-five irrespective of the death of his widow prior to that time. The express language of the will is that the executors are directed to divide " the remainder of all the rents, issues and profits, interest and income arising from and out of all the rest, residue and remainder of all my estate, both real and personal, into two equal parts," and pay half thereof to each son, and upon each son attaining the age of twenty-five years, to convey, transfer and pay over to him three-tenths of all the rest, residue and remainder of all the testator's real estate, and one-half of all the rest, residue and remainder of all his personal estate. While the direction to pay the income is to pay a proportion thereof to his son before he reaches the age of twenty-five, upon the son reaching the age of twenty-five he was to have ab-

solutely three-tenths of all the testator's real property and one-half of his personal estate, and, on the death of his mother, if he was then twenty-five years of age, the son was to have one-half of the two-tenths of the real estate which had been held in trust for his mother. There must, therefore, have been a division of the estate at some time, either at the death of the testator or at the time that a son became twenty-one years old, and I think it should be treated as being at the death of the testator. That construction certainly will not do violence to the testator's intention. It will carry out the object that he had in mind and will avoid any question as to the validity of the trust.

It is quite difficult to reconcile all the cases that have discussed this rather troublesome question, and it is not necessary to make the attempt. In the construction of a will such a construction will be given to it if possible as will sustain the will and carry out the intention of the testator and also that the vesting of estates is favored and a will is to be construed, if possible, so as to vest the interest of a devisee or legatee. Generally it may be said that the cases that have held that where there is a mere direction to pay or convey, futurity was of the nature of the gift and the property did not vest until the time arrived at which the trustee was to transfer or convey the share of the trust property, the will has in addition to the form of the bequest or devise an expressed intention that if the beneficiary should die before the time arrived there was substituted some other person or persons who were to receive the property. Thus in People's Trust Co. v. Flynn (188 N. Y. 394) the will provided that if the person to whom the remainder was given should die before the life estate terminated the property was to go to his issue, and there is a similar provision in Lewisohn v. Henry (179 N. Y. 352). In this case the testator's intention was that his two sons should each have three-tenths of his real estate and one-half of his personal property upon their arriving at the

age of twenty-five and the income in the meantime. In Warner v. Durant (76 N. Y. 133) it was said that the provision directing the payment of income to a beneficiary, who was to receive the corpus of the estate at the age of twenty-five, created a vested remainder, and that is just what the testator provided in this case. As to three-fifths of his estate and one-half of his personal property each of his sons was to receive the whole income from the time they were twenty-one until they were twenty-five, when they were to receive the principal, and as to the two-fifths of the estate held in trust for the widow they were to receive the whole corpus of the estate if they were twenty-five years of age at the death of their mother or, if not, then upon attaining the age of twenty-five. (See, also, Canfield v. Fallon, 43 App. Div. 561; affd., 161 N. Y. 623; Vanderpoel v. Loew, 112 id. 167, and Steinway v. Steinway, 163 id. 183.)

It seems to me, therefore, that this will should be construed as vesting a remainder in each son on the death of the testator, the enjoyment of which was, however, postponed until each son became twenty-five years of age. This construction of the will would necessarily create a vested remainder at the death of the testator and the interest of his son Edward passed under his will and plaintiffs had no interest in the property.

I think, therefore, the judgment was right and should be affirmed.

LAUGHLIN, J., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendants to withdraw demurrer and to answer on payment of costs.