(164 App. Div. 498)

FULTON TRUST CO. OF NEW YORK v. PHILLIPS et al.   (No. 6468.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

WILLS (§ 634*)—CONSTRUCTION—VESTING OF INTEREST.

Under a clause of a will setting apart one share of his residuary estate for the benefit of E., and providing that the trustee should pay to E. for life the net annual income of such share, and pay such income after her decease to her children in equal shares, until they respectively attained the age of 21 years, when an equal proportionate part of the principal of such share and the net accrued income thereof should be paid to each of such children, it was the testator's clear intention that E. and her children, and they only, should have the interest in this moiety of the remainder of her estate; and hence such interest vested, and passed on the death of E., her children having predeceased her, to the legatees under her will, or the next of kin of her children, rather than to the heirs of the original testatrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Dowling and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Fulton Trust Company of New York, as substituted trustee under the will of Jane V. C. Cooper, deceased, against Bradley H. Phillips and others, as executors of the will of Elizabeth M. Newton, deceased. From the judgment, certain defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Albert W. Putnam, of New York City, for appellants Lawrence and others.

Henry A. Forster, of New York City, for appellants Hoffman and another.

Frederick H. Man, of New York City, for appellants Cammann and another.

Richard T. Greene, of New York City, for respondents Phillips and others.

Carlos C. Alden, of New York City, for respondent Cross.

INGRAHAM, P. J.   The determination of the question involved in this appeal depends upon the construction to be given to the thirteenth clause of the will of Jane V. C. Cooper, dated the 18th day of May, 1889, and duly admitted to probate on the 30th day of April 1890. The testatrix was a resident of the county of New York, and died on the 4th day of April, 1890, leaving no husband, no descendants, and no father or mother, but as her heirs at law and next of kin three sisters and a niece, the child of a deceased sister. She left as her

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

executor one Israel Minor, Jr., who subsequently died, and the plaintiff was appointed to execute the trusts contained in the will. By the thirteenth clause of the will the testatrix gave all the rest, residue, and remainder of her estate to her executor, in trust to convert the realty into money and to divide the net proceeds thereof, together with 'the personalty of her residuary estate, into two equal parts; "to set aside one of such shares for the benefit of Elizabeth Newton, of Fredonia, in the state of New York, and the other of such shares for the benefit of Dorus Bailey, Florence Bailey and Mary De Peyster Bailey, three of the children of my niece Mary B. Bailey, and to invest said shares * * * and receive the income thereof and to dispose of the same and of the principal of such shares as follows, to wit: First, to pay over to said Elizabeth Newton the net annual income of the share so set apart for her benefit, for and during the term of her natural life, and from and after her decease to her children in equal shares until they shall respectively attain the age of twenty-one years, and as each of such children shall reach that age to pay over to him or her an equal proportionate part of the principal of such share and of the net accrued income thereof." The other part, for the benefit of the children of Mary B. Bailey, the niece of the testatrix, is not involved; the sole question being as to the share set apart for the benefit of Elizabeth Newton.

At the time of the death of the testatrix, Elizabeth Newton was alive. She was a first cousin of the testatrix, and had two sons, Henry J. Newton and Albert L. Newton, who were her only living descendants at the time of the death of the testatrix. Henry J. Newton, one of the sons, died on August 13, 1894, over 21 years of age, intestate, leaving as his heirs at law and next of kin his mother, the said Elizabeth Newton, and his brother, Albert L. Newton. Letters of administration were first taken out by his brother Albert, and on his death by his mother, and after her death letters were duly issued to the defendant Bradley H. Phillips. Albert L. Newton, the other son of the said Elizabeth Newton, died February 4, 1909, about 40 years of age, leaving a last will and testament by which all his property, both real and personal, was devised and bequeathed to his mother, the said Elizabeth M. Newton. Letters testamentary were issued to her, and after her death to the defendant Bradley H. Phillips. Elizabeth M. Newton died May 16, 1913, leaving a last will and testament. Letters were issued to her executors on June 23, 1913, and the question is as between the heirs at law of Mrs. Cooper and the legatees and devisees under the will of Elizabeth M. Newton. This depends upon whether, under the thirteenth clause of the will, the remainder of this moiety of the estate set apart for the benefit of Elizabeth M. Newton vested in her two sons at the time of the death of the testatrix.

In the construction of this will there are two late cases which apply. In Dickerson v. Sheehy, 156 App. Div. 101, 141 N. Y. Supp. 35, affirmed without opinion 209 N. Y. 592, 103 N. E. 717, but with a strong dissent by Chief Judge Cullen, with whom Judges Gray and Willard Bartlett concurred. In this court, after discussing the cases, it was stated:

"There are, in the will, no direct words of gift to him. The entire residuary estate is given to the executors, with direction to them, upon his reaching the age of 25 years, 'to convey, transfer and pay over to him' a portion of the estate. * * * It is only upon his attaining that age that the executors are directed 'to convey, transfer and pay over.' Upon the death of the widow the executors were to convey and transfer a certain interest if Edward 'be then twenty-five years of age,' and if he were not then 25 years of age, 'then upon his attaining that age'—clearly showing, as it seems to me, that the testator's purpose was that Edward's interest should not vest until he became 25 years of age."

And further during the course of the opinion the court said:

"It is true there are certain exceptions to the rules thus laid own with reference to vesting. In Matter of Crane, 164 N. Y. 71 [58 N. E. 47], these exceptions are classified under two heads: (a) Where the postponement of the transfer or payment to the beneficiary is for the purpose of letting in an intermediate estate; and (b) where there are words in the will, aside from the direction to the trustee to pay over, which import a gift vested in interest prior to the time for payment."

It was then held that a consideration of the provisions of the will showed that these exceptions have no application, and the court then went on to say:

"But in the present case there was no immediate severance. The executors were directed to collect the rents, issues, and profits from the *entire* residuary estate, and divide them in certain proportions among the beneficiaries named. It was not until Edward reached 25 years of age that there was to be a division and a severance of his share of the estate, and until that time arrived his interest in the real estate was contingent merely."

Judge Cullen, in his dissenting opinion, after a review of the cases, sums up as follows:

"As a result of this review of the cases, I think the rule should be considered as established that a gift by means of a direction to divide or pay over at a future time will not be deemed contingent, so as to fail on death before that time, unless provision is made for a substituted gift in favor of the issue of the first devisee or legatee."

In Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824, decided in the same month as the case of Dickerson v. Sheehy, supra, the court was able to discover in the will an intent that the controlling date was the death of the testator, and that his intention was to make vested gifts to such son subject to the provisions for the widow postponing the time that the son should have possession, and that such vested interest passed under the will of the son. In the course of his opinion Judge Chase said:

"The intention of the testator being reasonably clear, it is quite unnecessary to discuss the decisions made in other cases involving the vesting of property held in trust. Rules for the construction of wills are for the sole purpose of ascertaining the intention of the testator, and if the intention is clear and manifest it must control, regardless of all rules that have been formed for the purpose of determining their construction. * * * The law favors the vesting of remainders."

With the conclusion in that case Chief Judge Cullen concurs, for the reasons stated in his dissenting opinion in Dickerson v. Sheehy, supra,

but stated that, if the decision in that case were to be followed, he should be constrained to vote for the affirmance of the order. No reference is made to the Sheehy Case in the prevailing opinion, but the Chief Judge assumes that the decision of the Sheehy Case proceeded on the theory stated by the Appellate Division on the rule that a gift of income tends to vest in the beneficiary the capital of which the income is given was inapplicable, because in Dickerson v. Sheehy, supra, the principal fund was not severed from the general estate, but the bequest was only a part of the aggregate income of the whole residuary estate, and I suppose we must assume that the decision of the court in Dickerson v. Sheehy was upon that ground. Judge Cullen then concludes by saying:

"The result of the rule as to the construction of a gift, confined to a mere direction to divide and pay over, has been productive of more litigation than any other rule as to the construction of wills. That nearly all laymen and very many lawyers are wholly ignorant of it there can be no question. Despite that fact, if it had become a rule of property, it should be respected, whether good or bad; but, instead of being a rule of property, it is a rule which unsettles title to property, and the condition of the decisions is such that in almost every case counsel is justified in insisting, if not actually required to insist, that his client shall obtain the decision of the court of last resort on the question."

I think we could concur in the statement. As we are to apply these rules to the construction of this will, it must be said that the mere direction to pay over to the children of Elizabeth Newton this share of the residuary estate in equal shares when such children shall arrive at the age of 21 would be insufficient to vest them with any title to the property until the time of distribution arrived, and the remainder would be contingent, and not vested. Then it becomes our duty to scrutinize the will, to see if there is any provision which indicated an intention of the testatrix that the remainder should be vested in Elizabeth Newton's children upon her death.

At the beginning of the thirteenth clause there is an equitable conversion of all the testatrix's real estate into personalty. The executor is directed to "convert the realty into money at public or private sale and at such time or times and upon such terms as in his judgment may appear for the best interests of my estate." This seems to be an imperative power of sale, and there resulted an equitable conversion of realty into personalty. The trustee is then to divide the net proceeds thereof, together with the personalty of the residuary estate, into two equal shares, and to set apart one of such shares for the benefit of Elizabeth Newton. It seems to me that here is a declaration of intention that this testamentary provision was to be for the benefit of Elizabeth Newton, and it was not the intention of the testatrix that her heirs at law or next of kin should profit by any portion of her estate. At the time the will was made Elizabeth Newton had two sons living, who were minors, and one moiety of the residuary estate was given to the trustee for her benefit. The share for her benefit was then set apart for her, to be held, however, by the trustees to accomplish the purpose of the testatrix. Having thus separated from her

residuary estate the portion that she intended for the benefit of Elizabeth Newton, she provides that the trustee should pay to Elizabeth Newton the net annual income of the share so set apart for her benefit for and during the term of her natural life, and from and after her decease to her children in equal shares until they shall respectively attain the age of 21 years. Thus the trust was not to terminate at the death of Elizabeth Newton, but was to continue for the benefit of her children, and during the interval between the time of the death of Elizabeth Newton and the coming of age of her children each was to have an equal share of the income of this moiety of the remainder of the estate. The will then continues:

"And as each of such children shall reach that age to pay over to him or her an equal proportionate part of the principal of such share and of the net accrued income thereof."

Thus the scheme of the disposition of this moiety of the estate was complete. She set apart that share for the benefit of Elizabeth Newton, and to accomplish that purpose, to benefit Elizabeth Newton, she provided that Elizabeth Newton should have the income of the estate as long as she lived and that her children should succeed her as beneficiaries of the share of the estate. There is certainly no indication here that she intended that the vesting of the estate in Elizabeth Newton's children should be postponed until the time that they should be entitled to payment of the principal. If Elizabeth Newton had died before the children were 21, they were to have the income until they were 21, and then the principal. It seems to me that we can gather from this will the distinct intention that this moiety of the estate was to be devoted to the benefit of Elizabeth Newton, and that to accomplish that purpose the income was to be hers for life, and the remainder to belong to her children. Here is just the condition which appeared in Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481, where the court said, in holding the remainder vested:

"And, besides, the case is one in which the whole income of each share, from the death of the parent to the time of payment, is bequeathed to the remaindermen, a circumstance to which we have invariably given great weight as denoting an intention to vest the remainder from the time at which the income begins to accrue."

And as was said by Judge Finch in Matter of Tienken, 131 N. Y. 391, 30 N. E. 109:

"We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention and not as a force to pervert it."

With much diffidence and a confession of my inability to deduce from the authorities any rule that can aid in the construction of a will presenting these features, I can only say that, endeavoring to very best of my ability to follow the directions of the Court of Appeals, it seems to me that we are required to hold that in this case it was the intention of the testatrix that Elizabeth Newton and her children, and they only, should have an interest in this moiety of the remainder of her

estate, and that therefore the estate vested, and passed on the death of Elizabeth Newton to the legatees or next of kin of her children.

It follows that the judgment appealed from should be affirmed, with costs to those appearing in this court, payable out of the estate.

CLARKE and HOTCHKISS, JJ., concur.

DOWLING, J. (dissenting).   While the "pay over" rule has been often criticized, even as late as Cammann v. Bailey, 210 N. Y. 33, 103 N. E. 824, where Chief Judge Cullen referred to it as having been productive of more litigation than any other rule as to the construction of wills, and as one which unsettles title to property and has been fruitful of litigation and of contradictory decisions, still even he admitted that "the rule has obtained so long that entire relief from it cannot be obtained, except by legislative action."   I deem the rules laid down in Matter of Crane, 164 N. Y. 71, 58 N. E. 47, not to have been modified or affected by any subsequent decisions.   They were:

First, "where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested;" and, second, "where the gift is of money, and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution."

Here the primary intention of the testator as to one-half of her residuary estate was to secure to Elizabeth Newton the benefit of the life estate therefrom.   There is not a word indicative of any interest in, or purpose to care for, Mrs. Newton's children, until after her death.   The first direction is to pay them the income from one-half share "after her decease" and until they attain majority, "and as each of such children shall reach that age to pay over to him or her an equal proportionate share of the principal of such share and of the net accrued income thereof."   There are no words of gift used, save to the executors.   The direction to convert the realty into money is absolute.   It will be found that, where the "pay over" rule has been sought to be limited in its operation, the courts have done so in the effort to save an inheritance to children or their issue.   To effect this end, any word that could be possibly interpreted as an expression of purpose to make a present gift was seized upon and made the basis of construing the gift as vested and not contingent.   But no such question is presented here.   Nor does the fact that, if the gift is held to be contingent, the decedent must be held to have died intestate as to one-half of her residuary estate, present an argument for a contrary holding; for, while the law does not favor intestacy, that condition must arise whenever the whole, or any part, of the residuary estate of a testator is to be disposed of upon a contingency which never arises.   While courts can go very far in seeking to effectuate the will of a testator, it must be his expressed will which they aid in enforcing, and they cannot make a new will for him.

For these reasons, I believe the judgment appealed from should be reversed, and judgment entered in favor of appellants, decreeing the testatrix to have died intestate in respect to the fund in question, and that the corpus thereof be distributed among her next of kin.

SCOTT, J., concurs.