(95 Misc. Rep. 21.)

## In re VANDER ROEST et al.

(Surrogate's Court, Westchester County.   April, 1916.)

1. WILLS ☞634(18)—CONSTRUCTION—VESTING OF ESTATES.

A will giving the entire residuary estate to executors, with directions to divide the net proceeds and distribute same equally among surviving children, share and share alike, after death of the life tenant or in case of her remarriage, showed an intent by testator to postpone the vesting of the estates until death or remarriage of the life tenant.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1507; Dec. Dig. ☞634(18).]

2. WILLS ☞630(5)—TESTAMENTARY GIFTS—ACQUISITION OF INTEREST—SURVIVORSHIP.

Where futurity is annexed to the substance of a testamentary gift, and warrants application of the principle that, where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred on trustees, the devise is designed to be contingent, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1472; Dec. Dig. ☞630(5).]

3. WILLS ☞630(5)—DIRECTION TO PAY OR DEVISE—VESTING OF ESTATE.

Where there is no gift, but a direction to executors or trustees to pay or divide and pay at a future time, the vesting in the beneficiary will not take place until that time arrives.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1472; Dec. Dig. ☞630(5).]

Proceeding upon the final judicial settlement of the accounts of William Vander Roest and another, as executors and trustees under the last will and testament of William G. Vander Roest, deceased. Decreed according to opinion.

Frederick L. Drescher, of New York City, for executors.

Milo J. White, of Mt. Vernon, for Olive N. Vander Roest and others.

Charles A. Dryer, of White Plains, special guardian.

SAWYER, S.   William G. Vander Roest died on the 24th day of April, 1912, leaving a last will and testament, which was executed on the 11th day of September, 1906.   At the time of the execution of the will decedent had five sons and two daughters living.   At the time of the death of the testator all of said children were living, except the son Charles, who died on the 2d of April, 1912, leaving a widow, Susan E. Vander Roest, and a son, Howard, who is under 14 years of age, and who is represented in this proceeding by a special guardian.

The widow of the testator, Mary Vander Roest, departed this life on the 3d of October, 1915, having remained the widow of the testator up until the time of her death.   Between the time of the death of the testator and the death of the widow, to wit, on the 30th of November, 1913, Peter Vander Roest, a son, died, leaving a widow, Olive N. Vander Roest, and two sons, Edward J. Vander Roest and Arnold A.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Vander Roest, both of full age, and another son, George Vander Roest, who was a minor over the age of 14 years, and who is represented by a special guardian herein.

The contention is made that under the second and third clauses of the will the children of the two deceased sons of the testator, Charles and Peter, are entitled to share in the distribution of the estate or fund set forth therein. The second and third clauses of the will to be construed are as follows:

"Second. I give, devise and bequeath all of my real estate, and wheresoever the same may be situate, to my executors hereinafter named or to such of them as shall qualify to act, in trust nevertheless, to receive the rents, income and profits and pay the net proceeds thereof to my beloved wife, Mary Vander Roest, during her natural life, or so long as she remains my widow, and I expressly declare that this gift to my wife, if accepted by her, shall be taken in lieu of dower, and after the death of my beloved wife Mary Vander Roest, or until such time as she shall cease to be my widow, the trust hereby created shall cease, and I order and direct my executors hereinafter named or such of them as may qualify to act to sell and dispose of all of my real estate, and wheresoever the same may be situate, and divide the net proceeds thereof and distribute the same equally among my surviving children, share and share alike for their and each of their sole benefit and behoof forever.

"Third. I give and bequeath to my executors hereinafter named or such of them as may qualify to act, all my personal property and wheresoever the same may be situate, in trust nevertheless, to keep invested and to invest the same in bonds secured by first mortgage on real estate, situate in the city known as Greater New York, or in guaranteed bonds secured by mortgages on real estate with the Title Guarantee & Trust Company, or with the Lawyers' Title Company of the City of New York and pay the net proceeds and income thereof to my beloved wife Mary Vander Roest during her natural life, or so long as she shall remain my widow, and I expressly declare that this gift to my wife, if accepted by her, shall be taken in lieu of dower. After the death of my wife, or until such time as she may cease to be my widow, the trust in my personal property shall cease, and the same shall be distributed equally among my surviving children share and share alike."

The first thing to be ascertained is: What was the intention of the testator? Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824. If his intention was that the gift to the children should not vest until the time set for the transfer or payment to them as beneficiaries, then the gift would be contingent, and not vested.

[1] In this case the devise and bequest is to the trustees. The entire residuary estate is given to the executors, with direction to them, after the death of the life tenant, or in case of her remarriage, the trust having ceased, to divide the net proceeds and distribute the same equally among the surviving children share and share alike.

[2] It seems to me that the intention of the testator is clear to postpone the vesting of the estates until the death of the life tenant or until her remarriage. They, the children, were to take through the medium of a power in trust, and the time of the vesting was thus deferred, in form at least, until the time of distribution. It is a case, then, where, as the cases express it, futurity is annexed to the substance of the gift, and warrants the application of the principle that where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent, and survivorship at the time of

distribution is an essential condition to the acquisition of an interest in the subject of the gift. Dickerson v. Sheehy, 156 App. Div. 101–104, 141 N. Y. Supp. 35, affirmed 209 N. Y. 592, 103 N. E. 717, citing Matter of Baer, 147 N. Y. 348, 41 N. E. 702. The court in the same case (156 App. Div. at page 104, 141 N. Y. Supp. at page 37) states as follows:

"I am aware of the existence of a rule which favors the vesting of estates, but that rule is never applied when the intention of the testator, as gathered from the whole will, is that the estate should not vest; in other words, all of the rules laid down for the construction of wills yield to the actual intent of the testator if that can be ascertained from the will itself."

[3] The general rule of construction applicable in a case of this character is that where there is no gift, but a direction to executors or trustees to pay or divide and to pay at a future time, the vesting in the beneficiary will not take place until the time arrives. Matter of Keogh, 47 Misc. Rep. 37–43, 95 N. Y. Supp. 191, affirmed 112 App. Div. 414, 98 N. Y. Supp. 433, affirmed by Court of Appeals without opinion 186 N. Y. 544, 79 N. E. 1109.

Clearly the remainder here is contingent, and not vested, and the only persons who are entitled to share in the distribution of the fund are the children of the testator who survived the life tenant, Mary Vander Roest.

Decreed accordingly.