Matter of the Judicial Settlement of the Account of Proceedings of Willis Benner, as Trustee under the Last Will and Testament of James H. Hallock, Deceased, and his Application for Judicial Construction of said Will.

(Surrogate's Court, Suffolk County, July, 1916.)

Bequest — when bequest made through power in trust — distribution — intestacy.

A bequest of a trust fund with direction that the trustee collect the income and pay it over to testator's cousin F. during her life and "immediately upon her death to pay over

Misc.]     Surrogate's Court, Suffolk County, July, 1916.

said sum  *  *  *  in equal shares to the children of said F.  *  *  *  and the issue of such of said children as may have died, such issue taking his, her, or their parent's share," comes within the rule that where a devise or bequest is made through a power in trust, or solely through a direction to pay or convey at a future time, it is contingent.

Where F. died leaving three children her surviving and the husband of a deceased daughter who died intestate leaving no children, the remainder of the trust fund should be distributed among the three surviving children of F. share and share alike.

PROCEEDING upon the judicial settlement of account of a trustee.

George E. Coney, for petitioner.

Robert P. Griffing, for respondents.

STRONG, S.   A construction of the fifth clause of decedent's will is sought in this proceeding.   The clause reads as follows:

" *Fifth.*  I give and bequeath to said Willis Benner, the sum of Five Thousand Dollars, upon trust nevertheless to invest the same upon bond and mortgage on real estate and to collect the income from such investments and to pay over the same in quarter yearly payments to my cousin Fannie C. Dayton of Mattituck, Suffolk County, New York, for and during her natural life, and immediately upon her death to pay over said sum of Five Thousand Dollars in equal shares to the children of said Fannie C. Dayton, and the issue of such of said children as may have died, such issue taking his, her or their parent's share." ·

Fannie C. Dayton died leaving three children her surviving, and the husband of a deceased daughter, the deceased daughter leaving no children her surviving and dying intestate.

Surrogate's Court, Suffolk County, July, 1916.    [Vol. 96.

Although the law favors the vesting of remainders, where possible (*Marsh* v. *Consumers Park Brewing Co.*, 162 App. Div. 256; *Cammann* v. *Bailey*, 210 N. Y. 19; *Dickerson* v. *Sheehy*, 209 id. 592; *Fulton Trust Co.* v. *Phillips*, 164 App. Div. 498), the provisions of the clause in this will are within the rule that where a devise or bequest is made through a power in trust, or solely through a direction to pay or convey at a future time, it is contingent.

The provision " immediately upon her death to pay over said sum * * * in equal shares to the children * * * and the issue of such of said children as may have died, such issue taking his, her or their parent's share," shows a clear intent of the testator that the interest of each child is to be contingent and that the estate of each child is divested and passes to the issue upon the death of the child during the life of the *cestui qui trust.* The reference to the issue of the child was not inserted solely for protection to the more remote descendant, but is indicative of the intent of testator to suspend the vesting of the estate until the future happening, the decease of the life tenant. *Matter of Tienken,* 131 N. Y. 391, 409; *Matter of Crane,* 164 id. 71; *Matter of Baer,* 147 id. 348.

It was far from the intent of testator to permit of a contingency by which the husband of a predeceased child should receive a share or that the legal representatives of a child should be let in. The remainder of the trust fund should be distributed among the three surviving children share and share alike.

Decreed accordingly.