Mabel Evans et al., Plaintiffs, *v.* Carleton Curtis et al., Defendants.

(Supreme Court, New York Special Term, April, 1918.)

Wills — provisions of — construction of — power of sale — intention of testator — suspension of power of alienation.

Where the provisions of a will which confer a full power of sale upon the executors and trustees work an equitable conversion of the real property of the estate into personalty the will must be construed by the rules applicable to personal property.

Where from the language of a will free from doubt, uncertainty or ambiguity it is clear that the intention of testator was to create separate trusts from his residuary estate for each of his children him surviving, the annual net income therefrom to be paid over to them share and share alike during their respective lives, with the right of disposition by will of the *corpus* of each separate fund in each son and of one-quarter thereof in each daughter, and, failing to make any such disposition, the testator intended to vest the trust fund, and any balance of accumulated income therefrom, in the issue of a deceased child, provided said issue lived to attain the age of twenty-one years, the trustees meanwhile to hold, manage and invest the trust fund during the minority of such issue, and to pay over to them so much of the net income derived therefrom as they may think proper and fitting for their support and education and upon the further contingency that if such issue should not survive their minority the share or interest in the trust fund, to which such issue would have been entitled in the event of attaining twenty-one years of age, should go

**11**

Supreme Court, April, 1918.       [Vol. 103.

to and be equally divided among those of the testator's children then surviving and the issue of any deceased child, such last mentioned issue to take the share the parent would have taken if then living, the trusts attempted to be created are illegal as upon the happening· of the contingencies contemplated by the will the power of alienation under its provisions would necessarily be suspended beyond two lives in being at the time of testator's death.

ACTION for the construction of a will.

James B. Butler, guardian *ad litem,* for infant defendants.

M. Linn Bruce, for plaintiffs.

Edward W. Harris, for defendants, Carleton Curtis et al., executors, etc.

GREENBAUM, J.   Jeremiah W. Curtis died on March 19, 1917, leaving a last will and testament, dated June 15, 1897.   The testator left him surviving five children, to wit: Mabel Evans, a daughter, who has two children; Gerald S. Curtis, a son, who has three infant children, one of whom was born after testator's death; Frank G. Curtis, a son, who has two infant children; Laura C. Harris, a daughter, who has no children, and Carleton Curtis, a son, who has no children.   All of the children of the deceased unite in the claim that paragraphs " four " and " five " of the will are attempted dispositions of the property of the deceased in violation of law and therefore invalid.   The guardian of the minor children of the testator and the executors maintain that the will is valid.   Under paragraph " four " the testator gives all of his residuary estate to his executors and trustees in trust " to be divided into as many parts as I shall leave children

surviving me and each of said trusts to be held, managed and invested by my said executors and trustees and the annual net income from said several trust funds to be paid to those of my children surviving me, share and share alike, during their respective lives.'' Paragraph '' five '' reads as follows: '' I will and direct that on the death of any one of my children leaving issue such parent's share shall belong to and vest in such issue (subject to the power of disposition by * * * last will and testament * * * hereinafter given to my children), to be paid to said issue when they shall reach the age of 21 years; such trust fund to be held, managed and invested by my said executors and trustees hereinafter named, and so much of the income thereof to be paid for the support and education of said issue as my executors shall think proper and fitting, and the balance, if any, of such income, together with the principal, to be paid said issue at the age of 21 years, and in the event that the issue of any of my children shall not live to the age of 21 years I direct that the share or interest of said issue shall go and belong in equal shares to my children then living and the issue of any deceased child, such issue to take the share its parent would take if then living.'' The '' sixth '' paragraph confers upon the testator's daughters the power of disposing by will of one-quarter of the principal of their respective shares '' to which they are entitled to a life estate,'' and upon his sons the power of disposition by will of the whole of the principal of the share '' to which they are entitled to a life estate.'' The language of the will is free from doubt, uncertainty or ambiguity. The intention of the testator as expressed by the words of the will are therefore clearly manifest. That intention may be briefly stated to have been to create separate trusts from his residuary estate for each of his **children him surviving, the annual net income there-**

from to be paid over to them share and share alike during their respective lives, with the right of disposition by will of the *corpus* of each separate fund in each son' and of one-quarter thereof in each daughter. Failing to make any such disposition, the testator intended to vest the trust fund, and any balance of accumulated income therefrom, in the issue of a deceased child, provided said issue lived to attain the age of twenty-one years, the trustees meanwhile to hold, manage and invest the trust fund during the minority of such issue, and to pay over to them so much of the net income derived therefrom as they may think proper and fitting for their support and education and upon the further contingency that if such issue should not survive their minority the share or interest in the trust fund, to which such issue would have been entitled in the event of attaining twenty-one years of age, should go to and be equally divided among those of the testator's children then surviving and the issue of any deceased child, such last mentioned issue to take the share the parent would have taken if then living. There can be no question but that the provisions of the will which conferred a full power of sale upon the executors and trustees worked an equitable conversion of the real property of the estate into personalty and that the will must be construed by the rules applicable to personal property. Indeed the intent of the testator could not be effectuated without conversion of the realty into personalty. *Fraser* v. *United Presby. Church*, 124 N. Y. 479, 485. Section 11 of the Personal Property Law (Consol. Laws, chap. 41) provides: " 11. Suspension of ownership.— The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such

instrument be a last will and testament, for not more than two lives in being at the death of the testator. In other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property.'' Paragraph '' fifth '' clearly contemplates a suspension of the absolute ownership of personal property by a '' limitation or condition for a longer period than during continuance and until the termination '' of '' more than two lives in being at the death of the testator.'' The principal of each of the trusts created by paragraph '' fourth '' is bequeathed to a class, to wit, the testator's grandchildren who might survive their parents and live until they reached twenty-one years of age. Such a bequest is not to a designated person, as it cannot be doubted that it is impossible to determine until the arrival of the time for the distribution fixed by the will who might become entitled to share therein. The estate would not vest until the time fixed for distribution, despite the phraseology in the '' fifth '' paragraph, to the effect '' that on the death of any one of my children leaving issue such parent's share shall belong to and vest in such issue,'' since the words of limitation or condition, following in the same sentence, completely negative the idea of an actual vesting in testator's grandchildren immediately, upon the death of one of his children. *Dickerson* v. *Sheehy,* 156 App. Div. 101, 105; affd., 209 N. Y. 592. As matter of fact, in the contingencies which might arise the trusts would continue in the trustees not as passive but as active trusts, since they were required '' to hold, manage and invest '' the trust funds during the minority of the testator's grandchildren and pay over income. It follows that those who would be entitled to take in the event prescribed are uncertain, and in the language of the opinion in *Smith* v. *Edwards,* 88 N. Y. 92, 104, '' might not be

any one of those *in esse* at testator's death, and might prove to be a grandchild born twenty years later. The ultimate vesting of this portion of the principal of the special fund was, therefore, plainly postponed for twenty years, and not during designated lives in being, and must be declared invalid (*Schettler* v. *Smith,* 41 N. Y. 328, 334).'' The conclusion which I have reached is confirmed by the test as to whether upon the death of a son leaving minor children it would be possible for these children to convey title to any of the trust funds. They clearly would have no right of possession, and indeed they might never be entitled to take. The title would not be in any of their uncles or aunts, as their survivorship at the time of taking would be problematical. It would be impossible to determine in whom the title to the fund or any portion of it might eventually vest. It is thus evident that upon the happening of the contingencies contemplated by the will the power of alienation under its provisions would necessarily be suspended beyond two lives in being at the time of the testator's death. The trusts created by the '' fourth '' and '' fifth '' paragraphs of the will constitute an entire scheme, and hence even though some of the trusts be valid the invalidity of the others will operate to make them all illegal. *Bailey* v. *Buffalo L., T. & S. D. Co.,* 213 N. Y. 525, 536. It seems to me that the trusts attempted to be created must be declared illegal.

Ordered accordingly.