MARY E. DICKERSON et al., Respondents, *v.* FRANK P. SHEEHY et al., Appellants, and EMIGRANTS' INDUSTRIAL SAVINGS BANK et al., Respondents.

*Dickerson* v. *Sheehy*, 156 App. Div. 101, affirmed.
(Submitted November 17, 1913; decided December 3, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1913, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint in an action of partition.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

*Daniel Daly* for appellants.

*William F. McCormack* for plaintiffs, respondents.

*Willard N. Baylis* for defendants, respondents.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, CHASE, COLLIN and MILLER, JJ.

CULLEN, Ch. J. (dissenting). I dissent from the decision about to be made and vote to reverse the order appealed from. A general rule is that where there is no present gift, but a direction to executors or trustees to pay or divide at a future time, the vesting in the beneficiary will not take place until that time arrives. But the rule has many exceptions, and in fact it may be fairly said that it is a rule more honored in the breach than in the observance. There is, however, another general rule, also applicable to this case, that where the language is susceptible of a construction which will avoid disinheriting the issue of a child, that construction should be adopted. (*Scott* v. *Guernsey*, 48 N. Y. 120; *Low* v. *Harmony*, 72 id. 408; *Matter of Brown*, 93 id. 295.)

If the ground on which a majority of the court below based the conclusion reached by them is to be upheld it

will be the first time, as far as I can find, that the rule
that a direction to pay or divide at a future time makes
a devise or legacy contingent has been applied by this
court where the result of the rule would be to exclude
both the testator's child and the issue of that child from
taking, either directly or through inheritance from their
parent, an estate held in trust for the parent. On
the contrary, where such a result would follow I think
that the court has uniformly held the rule inapplicable.
To justify this assertion I will now review the cases,
enumerating first those where the rule was held to apply.

In *Teed* v. *Morton* (60 N. Y. 502) the effect of the
decision was to include grandchildren of the testator by
a deceased child who predeceased him, as well as the
offspring of children who died subsequent to his decease.
In *Smith* v. *Edwards* (88 N. Y. 92) the effect was to
render the whole provision of the will void and to divide
the fund among the testator's next of kin as in case of intes-
tacy. In *Delaney* v. *McCormick* (Id. 174) the effect of
the decision was merely to ascertain the next of kin of the
testator, not at the death of the testator, but at the death
of the first taker. In *Shipman* v. *Rollins* (98 N. Y. 311)
the only effect of the application of the rule was to enable
certain societies which were unincorporated at the testa-
tor's death, but incorporated at the time of distribution, to
take legacies which if vested they would have been incom-
petent to receive. The sole effect of the decision in *Dela-
field* v. *Shipman* (103 N. Y. 464) was to give the child of
a deceased child of the testator a share of the income of
a trust fund under the statute as presumptively entitled
to the next eventual estate instead of as next of kin of
her deceased mother. In *Matter of Baer* (147 N. Y. 348)
the direction to convey the remainder upon the death of
the equitable life tenant was to the children and lawful
heirs of the brother of the testator who had died prior to
the death of the life tenant. The question was when the
children and lawful heirs of the brother should be ascer-
tained, whether at his death or the death of the life ten-
ant, and the decision disinherited no one. In *Paget* v.

38

*Melcher* (156 N. Y. 399) the direction of the will was to convey to the children of the first taker. and the issue of any child of such taker who might have died leaving issue. So the decision that the gift was contingent disinherited none of the issue of testator however remote. In *Matter of Crane* (164 N. Y. 71) there was a similar substituted gift to issue. In *Schlereth* v. *Schlereth* (173 N. Y. 344) the effect of the decision was to render the provisions of the will void, and they were unquestionably so, as pointed out in the opinion, whether the gift was considered as vested or contingent. The last case in this court is that of *Lewisohn* v. *Henry* (179 N. Y. 352). The will in that case created a trust for the benefit of the daughter, income to her during life, and parts of the principal payable as she might successively arrive at the age of twenty-five and that of thirty years. On her death the corpus of the trust as it might exist to go to her appointees, and in default of appointment to her issue. The daughter died intestate leaving issue. The contest was between the daughter's husband and the children, the former claiming that the legacy was vested and that hence he shared in it. The decision was in favor of the children, the testator's grandchildren. The last case of this character to which it is necessary to refer is that of *National Park Bank* v. *Billing* (144 App. App. 536; affirmed by this court on the opinion below, 203 N. Y. 556). There the gift to the testator's son was held contingent, but the will provided that in case the son died before the widow or before the son became twenty-five leaving issue, his share to go to his issue.

Thus in no one of these cases would the effect of the decision be to deprive any descendants of a testator from sharing in his fortune either directly under a testamentary gift in their favor, or indirectly through the bounty of their parents. Under the decision about to be made neither the testator's children who might die before reaching the prescribed age of twenty-five nor their issue, if they had any, could take, but the testator be declared to have died intestate as to such share or shares, thus

destroying the dominant purpose in the mind of the testator.

Now to review the cases on the other side. In *Warner* v. *Durant* (76 N. Y. 133) the direction of the will was to pay to a number of legatees certain specified sums five years after the testator's decease, and meanwhile to pay them 7% interest on said sums. While the rule as to the direction to pay or divide at a future time was declared, the case was taken out of it by the present direction to pay the interest. In *Robert* v. *Corning* (89 N. Y. 225, 240) — a similar case — the gift was held vested, Chief Judge ANDREWS saying: "It is true that there is in the fifth section of the will, no gift to the several legatees, except the gift implied in the direction to the executors upon the distribution, to pay over the shares respectively, and by a general rule of construction, where there is no direct gift, and words of condition such as *if* or *upon* are used, in connection with a direction for payment at a future time, the time is regarded as of the substance of the gift, and the legacy is contingent not vested. But the question is generally one of intention, and the whole will is to be considered in determining the intention of the testa- tor." In *Vanderpoel* v. *Loew* (112 N. Y. 167, 181) the gift under a testamentary provision "shall be paid over to it or them" was held to be vested, the court saying: "Besides, the case is one in which the whole income of each share, from the death of the parent to the time of payment, is bequeathed to the remaindermen, a circum- stance to which we have invariably given great weight as denoting an intention to vest the remainder from the time at which the income begins to accrue." In *Goebel* v. *Wolf* (113 N. Y. 405, 415) the will gave the residuary estate in trust until the testator's youngest child should arrive at age, until which time one-half of the income to go to the widow, the other half to payment of mortgages upon the estate, and upon the arrival of the youngest child at twenty-one, then to divide the estate among his children share and share alike. A child died before the time of distribution arrived without issue. The gift was held

vested. It was there said: "*This construction also prevents the disinheritance of issue of any child who may marry and die before the expiration of the trust period, a consequence which no one can doubt the testator never intended.*" In *Matter of Tienken* (131 N. Y. 391, 409) the only gift was found in the direction to sell the testator's real estate after the death of his widow and divide the proceeds "equally between my children, share and share alike." The gift was held vested, Judge FINCH saying: "We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention and not as a force to pervert it."

In *Bowditch* v. *Ayrault* (138 N. Y. 222, 229) — a similar case — the gift was held vested, the court saying: "The cases cited by the learned counsel for the plaintiff do not show that there is an absolute and unvarying rule which prohibits the vesting where the language does not in terms make a gift directly to the legatee, and where the direction is to divide and pay at some future time." In *Matter of Young* (145 N. Y. 535) the gift was a direction on the decease of the wife that "The farm should be equally divided between" his three named children. The gift was held vested. In *Steinway* v. *Steinway* (163 N. Y. 183) the testator gave stock of a corporation to his trustees, in trust, until the first day of January, 1904, the income to be applied to certain legatees, and at such time "the principal to be paid over to them." It was held that the shares were vested, the court putting its decision on the ground of the payment of interest to each of the legatees at the rate of 5% took the case out of the rule as to gifts under a future direction to pay and divide or to pay over. Can any one believe that in the case at bar the testator intended that in case of the death of one of his sons before the prescribed age leaving issue, the share of their parent was to be divided with all the other children of the testator?

As a result of this review of the cases, I think the rule should be considered as established that a gift by means

of a direction to divide or pay over at a future time will not be deemed contingent so as to fail on death before that time, unless provision is made for a substituted gift in favor of the issue of the first devisee or legatee.

The rule as to a direction to pay over at a future time does not obtain where there is a gift to the legatee of income accruing prior to that time. (1 Jarman on Wills, p. 802.) This is conceded in all the cases in this court. The majority of the court below held the principle inapplicable because it was thought that there was no severance of the share before the time of distribution. Whatever force there might be in this objection, if the question were an original one, it is settled otherwise by authority. The case of *Vanderpoel* v. *Loew* (*supra*) involved the same question. A comparison of the provisions of the will in this case with those of the will in the case cited, and especially a perusal of the opinion of Judge FINCH (at pp. 177 and 178), will show that the struggle to work out a severance of shares was much more difficult in that case than in this. Besides, if there was no severance of the share in the present case, the whole trust was void as suspending the power of alienation for more than two lives.

I may add that I concur generally in the view expressed in the dissenting opinion of Presiding Justice INGRAHAM below.

GRAY and WILLARD BARTLETT, JJ., concur.