## In re FINCK.

### In re HOUSER'S WILL.

#### (No. 7322.)

(Supreme Court, Appellate Division, First Department. May 21, 1915.)

1. WILLS ⬤⟩630—CONSTRUCTION—CONTINGENT REMAINDERS—GIFT OF CONVERTED PERSONALTY TO A CLASS.

Testator's will provided that all his property, should go to his wife, who was to have control during her lifetime, that within 60 days of her death his entire estate was to be sold and the proceeds equally divided among testator's children, and if any of them were not living her or his share was to go to her or his heirs. *Held*, that the remainders were contingent and subject to defeasance by the death without issue of any child during the lifetime of the mother, since, where the only words of gift are found in a direction to divide or pay over at a future time, the gift is future and contingent, while, where a gift is of money, and the direction to convert the estate is absolute, the legacy given to a class vests in those who answer the description, and are capable of taking at the time of description, so that the share of a daughter, who prede-

⬤⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceased her mother, at the mother's death vested in such daughter's heirs, to the exclusion of her legatee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. ☞630.]

2. DESCENT AND DISTRIBUTION ☞52—HEIRS AND "NEXT. OF KIN"—HUSBAND.
The husband is not the "next of kin" of his wife.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 83, 135–140, 144, 147–149, 151–158, 161–167, 169–171, 296–308; Dec. Dig. ☞52.

For other definitions, see Words and Phrases, First and Second Series, Next of Kin.]

Appeal from Order of Surrogate, New York County.

Proceeding by Katie H. Finck, individually and as executrix of Peter Houser, deceased, for the construction of the will. There was judgment construing the will (149 N. Y. Supp. 598), and the executrix appeals. Reversed.

See, also, 152 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

W. C. Prime, of New York City, for appellant.

Benjamin Berger, of New York City, for respondent.

SCOTT, J. Peter Houser died on March 6, 1905, leaving real and personal property. He left a widow and five children. His widow still survives. Of his children two have died, to wit, Henry Houser, who died in 1908, unmarried and intestate, and Elizabeth Marks, who died June 9, 1914, without issue, leaving her surviving her husband, Aaron Marks, and a sister and two brothers. She also left a will giving to her husband, Aaron Marks, all of her property and estate.

This proceeding is brought by the executrix of Peter Houser, deceased, to obtain a construction of the dispository clause of his will, reading as follows:

"First. After my lawful debts are paid, I give to my wife, Mary, all my real and personal property, and she is to have control during her lifetime, and at her death within sixty days thereafter, my entire estate is to be sold, at public auction and all the proceeds, and all other money belonging to my estate shall be equally divided amony my children, viz., Lizzie, Katie, Henry, Joseph and Edward, and if any of my children are not living at that time, her or his share is to go to her or his heir or heirs. Each one of my children or their heirs, shall receive their share within ninety days after the death of my wife, with the exception of my son Henry, whose share shall be held in trust, for him by my daughters, Lizzie and Katie, and they shall from time to time pay to him from his share such money as in their judgment is necessary for his maintenance, and at his death the amount then held in trust for him shall go to his legal heirs."

Two questions were propounded to the surrogate, as follows:

"Whether by virtue of said provision the remainder interests under the last will and testament of Peter Houser immediately vested in the children named, so as to be capable of valid and effectual alienation by them by deed or will, during the lifetime of said widow, Mary Houser (the life tenant of the entire estate), or whether by virtue of said provision the remainder interests were contingent only, and liable to be defeated by the death without

issue of any child of the said Peter Houser during the lifetime of their said mother; and also whether, by virtue of said provision, in case any child of Peter Houser should die during the lifetime of their mother, leaving no lawful issue them surviving, their surviving brothers and sisters (children of the said Peter Houser) would take, as purchasers and devisees under his said will, the share or interest which the brother or sister, so dying, would have been entitled to receive, in case he or she survived the death of said widow, the life tenant, in preference to a legatee or devisee claiming under the last will and testament of the person so dying."

The first question the surrogate answered in the affirmative, the second in the negative, and from his decision the executrix appeals.

[1, 2] It is to be observed, first, that the will contains no words of gift, except that a life estate is given to the widow, with absolute control during her lifetime, and except, also, in the direction that the estate be converted into personalty and divided upon the death of the widow. The provision is similar in effect to that considered by the Court of Appeals in Matter of Crane, 164 N. Y. 71, 58 N. E. 47. In that case the Court of Appeals applied two rules, which, as we consider, are applicable here. They are: First. Where the only words of gift are found in the direction to divide or pay over at a future time, the gift is future, not immediate; contingent, not vested. Second. Where the gift is of money, and the direction to convert the estate is absolute (as it is in this case), the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the description. These rules are so well established that they need no further citation of authority for their support. There are undoubtedly well-recognized exceptions to the general application of the first rule, but none of them are present here. On the contrary, the testator was emphatic and precise in designating among whom the distribution was to be divided, within 90 days after his wife's death; that is, among his children, "and if any of my children are not living *at that time* her or his share is to go to her or his heirs." Nothing could be plainer than the intention of the testator that the distribution should be made as of the date of his wife's death, and to the persons who at that date answered the description of those who were to take. Elizabeth Marks, therefore, took no devisible estate and her legatee can take nothing under her will. On the death of the widow the share which would have been payable to Elizabeth Marks will go to those who stand in the position of her "heirs," which, since the direction to convert into personalty is absolute, will mean her next of kin. Her husband, the respondent, is neither an heir nor one of the next of kin. Tillman v. Davis, 95 N. Y. 17–25, 47 Am. Rep. 1.

It follows that the order of the Surrogate's Court must be reversed, with costs to the appellant, and the first question propounded by the petition answered in the negative, and the second question in the affirmative. Settle order on notice. All concur.