KATHERINE S. BRYER, as Administratrix, etc., of MARY CARROLL, Deceased, Plaintiff, *v.* MARY FINNEN, TIMOTHY FINNEN and Their Heirs, Respondents, Impleaded with ELLEN FINNEN and ANN FINNEN, Appellants.

Second Department, June 8, 1917.

**Will construed — gift to widow for life with remainders to nephews and nieces — when remainders not vested but contingent upon remaindermen surviving widow — foreclosure — distribution of surplus.**

A will by which the testator gives his estate to his widow for life and at her death directs his property to be converted into cash and the proceeds divided between his nieces and nephews and the survivor or survivors of them, share and share alike, and to their " heirs and assigns forever," does not give to the nieces and nephews a vested remainder in the realty during the lifetime of the widow.

As there was a direction to pay or divide the estate at a future time there was no immediate gift, and the vesting of the remainders in the beneficiaries does not take place until the time of the division arrives.

The rule against a construction which will disinherit heirs is usually applied to those nearer in blood than grandnephews and grandnieces and rests upon the presumption that the testator intends a bounty to his descendants.

Hence, the descendants of nephews and nieces who died before the widow are not entitled to share in a distribution of surplus arising on a sale on foreclosure.

The will will be construed as aforesaid although the testator devised to " the heirs and assigns " of the nephews and nieces.

APPEAL by the defendants, Ellen Finnen and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 4th day of January, 1917, resettling an order entered on the 4th day of December, 1916, confirming the report of a referee which directed the distribution of a surplus arising on a sale under foreclosure of mortgaged premises.

*Arthur L. Fullman,* for the appellants.

*Sumner B. Stiles* [*Prosper R. Ferrari* with him on the brief], for the respondents.

BLACKMAR, J.:

To sustain this order it is necessary to hold that the will of the testator gave a vested remainder in the realty to the four nephews and nieces which they could alienate and devise during the lifetime of the widow, for a portion of the surplus is awarded to those who derive title partly through the will of the nephew Timothy and partly as " heirs and next of kin " of the niece Mary, both of whom died during the life of the widow, the owner of the particular estate.

We do not think the will capable of such construction. The only portion of the will set forth in the record is as follows: "All the rest, residue and remainder of my property, both real and personal, of whatsoever nature or kind the same may be, I give, devise and bequeath to my said wife, Mary, for and during her natural life and after her death I direct that my real estate be sold and the personal property be converted into cash and the proceeds thereof be divided among my nieces and nephews Timothy Finnen, Ellen Finnen, Mary Finnen, and Ann Finnen, and the survivor and survivors of them share and share alike and to their heirs and assigns forever."

The widow received a life estate. There was no gift in terms of a remainder. But the will contained a direction to sell the land after the termination of the particular estate, and divide the proceeds among the objects of the testator's bounty. The rule is well settled that where there is no gift but by a direction to pay or divide at a future time, the vesting in the beneficiary will not take place until the time arrives. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 id. 92, 104; *Teed* v. *Morton*, 60 id. 506; *Dickerson* v. *Sheehy*, 156 App. Div. 101; affd., 209 N. Y. 592.)

As futurity is annexed to the substance of the gift, none can take except those designated by the will as qualified to take at the time of the division. The proceeds of the sale of the land are, by the terms of the will, to be " divided among my nieces and nephews Timothy Finnen, Ellen Finnen, Mary Finnen, and Ann Finnen, and the survivor and survivors of them share and share alike and to their heirs and assigns forever." It is inaccurate to speak of dividing proceeds between nephews and nieces " *and* " their survivors. The

only way in which effect can be given to the words " survivor and survivors " is to read the word " and " with the meaning of " or," and this is often done to carry into effect the obvious intent of the testator. (*Miller* v. *Gilbert,* 144 N. Y. 68; *Roome* v. *Phillips,* 24 id. 463; *Scott* v. *Guernsey,* 60 Barb. 163; affd., 48 N. Y. 106.) As, on the death of the widow, Ellen and Ann were the only survivors of the four, they are evidently indicated as objects of the testator's bounty. The following words, " and to their heirs and assigns forever," still present difficulties; but, as these words are so frequently used as words of limitation and not purchase, as to be familiar to every one who, without being a skilled lawyer, has some familiarity with legal phraseology, we incline to think that the testator used them to show the absolute nature of the gift, inapt to a gift of personalty as they are. This is also the accurate grammatical construction, the pronoun " their " being related to the nearest preceding noun, " survivors."

The rule against a construction which will disinherit heirs is usually applied to those nearer in blood than grandnephews and grandnieces, and rests upon the presumption that a testator intends a bounty to his near relatives, usually descendants. We do not think that his intention to include grandnieces in the scheme of his will as against surviving neices is so strong as to induce a strained interpretation of the will. (*Goodwin* v. *Coddington,* 154 N. Y. 283.)

The order is modified by directing that the surplus moneys be paid to Ann Finnen, or Mealiff, and Ellen Finnen, share and share alike; and as modified affirmed, with costs of this appeal to be paid to both appellants and respondents out of the fund before division thereof.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order modified by directing that the surplus moneys be paid to Ann Finnen, or Mealiff, and Ellen Finnen, share and share alike; and as modified affirmed, with costs of this appeal to be paid to both appellants and respondents out of the fund before division thereof.