ELIZABETH P. MAY, Individually and as Executrix, etc., of MARY A. MAY, Deceased, and as Executrix, etc., of ELLA M. MAY, Deceased, Plaintiff, *v.* JOHN MAY, Individually and as Executor, etc., of MARY A. MAY, Deceased, and Others, Defendants.

Second Department, April 17, 1924.

**Wills — construction — trust for benefit of daughter of testatrix with remainder to children and to issue of deceased children — remainders contingent and vest on death of life tenant.**

Under a will whereby the testatrix created a trust under which her executors were to pay the net income thereof to the daughter of the testatrix for life and upon her death distribute the principal among the children of the testatrix and the issue of deceased children, the remainders are contingent and vest on the death of the life tenant.

Where, as in this case, there is no gift but a direction to executors to pay over and distribute at a future time, the interest of the beneficiaries is not vested until that time arrives and is conditional upon survivorship.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*William Murray,* for the plaintiff.

*Charles O. Grim,* for the defendants John May, individually and as executor, etc., and others.

*John C. Loud,* for the defendant William H. Darbee, individually and as executor, etc.

RICH, J.:

Mary A. May departed this life September 10, 1907, leaving her surviving five children, to wit, Mary Augusta Darbee, Ella M. May, George W. May, John May and Elizabeth P. May, and three grandchildren, children of a deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown. By paragraph 5 of her will she directed the division of her residuary estate into six parts, four of which she devised and bequeathed to four of her children, one to the children of her deceased child, Alice May Gunnison, and the remaining sixth part, by subdivision " g " thereof, " I give, devise and bequeath the remaining one-sixth part of my estate, to my Executors hereinafter named, in trust, to invest and keep the same invested, and after paying all fixed charges and expenses of administration and the preservation of the principal of the trust, to pay the net annual income thereof and therefrom, from the date of my death, to my daughter Ella M. May, for and during the term of her natural life, and upon her death the principal of said trust fund shall be paid over to and distributed among my children in equal shares or parts, the issue of any deceased child or children, including the children of my deceased daughter Alice May Gunnison, shall take the share its or their parent would have taken, if living, *per stirpes* and not *per capita.*" The life tenant died *November 23, 1920,* testate, but without issue. She was predeceased by her sister Mary Augusta Darbee, who died *August 11, 1919,* testate, but also without issue. The question presented for decision relates to the disposition of the remainder interest under subdivision " g," and we are asked to determine to whom this interest passed upon the death of the life tenant, Ella M. May.

It is the contention of the plaintiff that the remainder interests under this paragraph of the will are contingent, that no interest vested until the death of the life tenant, and that the principal of the fund is distributable to the children of testatrix *then* living, and the descendants of children of testatrix who had theretofore died, leaving issue *then* surviving, while the defendant William H. Darbee, the husband of Mary Augusta Darbee, a deceased child of testatrix, contends that the estates in remainder vested in interest at testatrix's death, and in the descendants of the deceased child, and that such remainder interests were not divested by failure to survive the life tenant.

To adopt the construction contended for by the plaintiff will result in a division of the property of which Ella M. May enjoyed a life estate between the children of testatrix who survived the life tenant, and the children of a deceased child, living at the

time of the death of the life tenant. If the paragraph in question is susceptible of the construction sought to be placed upon it by the defendant Darbee, it will result in a division in which he, as sole devisee and legatee under his deceased wife's will, will share in the fund.

Where, as here. there is no gift, but a direction to executors to pay over and distribute at a future time, the interest of the beneficiaries is not vested until that time arrives, and is conditional upon survivorship. (*Warner* v. *Durant*, 76 N. Y. 133; *Salter* v. *Drowne*, 205 id. 204, 216.) The divide and pay over rule is a canon of construction, and unless a contrary intent is to be gathered from the will it must be applied to the case at bar, in view of the fact that there is a provision for a substituted gift in favor of the issue of any deceased child. (*Dickerson* v. *Sheehy*, 209 N. Y. 592, 596.) It seems clear that testatrix intended to confine the remainder to her children and their descendants, and never contemplated providing for the husbands of those dying without issue.

The persons entitled to the remainder under subdivision " g " of paragraph 5 of the will upon the death of the life tenant, Ella M. May, are the children of testatrix living at that time, viz., George W. May (since deceased), John May, Elizabeth P. May, and the children of testatrix's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *per stirpes*.

Judgment should, therefore, be directed in favor of plaintiff interpreting and construing the legal effect of subdivision " g " of paragraph 5 of the last will and testament of Mary A. May, deceased. The remainder interests under paragraph 5, subdivision " g," are contingent and no interest vested until the death of the life tenant, and the persons entitled to the remainder are George W. May (since deceased), John May, Elizabeth P. May, and the children of testatrix's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *oer stirpes*, without costs to either party as against the other.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ.

Judgment unanimously directed in favor of the plaintiff upon agreed statement of facts, without costs, in accordance with opinion. Settle order on notice.