In the Matter of the Estate of ISAAC LEVEY, Deceased.

Surrogate's Court, New York County, October 30, 1929.

*King, Lane & Barr*, for the petitioner.

*J. C. Palmer*, for Central Hanover Bank and Trust Company.

*William F. Clare*, for Charles B. Levey and Margaret B. Levey.

*Maurice Nagler* [*Maurice Nagler, Frederick A. Gill* and *Henry Shulman* of counsel], for Harry H. Hart.

*Richard Ely*, for Robert B. Mooney.

O'Brien, S. The trustee is accounting in this proceeding for the trust created under the will of the testator for the benefit of his son, Clarence D. Levey. A question has arisen as to the distribution of the remainder of this trust fund. The disposition thereof requires a construction of the will to determine the nature of the remainder.

The testator died in October, 1894, leaving him surviving his widow, Anne E. Levey, and four sons, to wit, Edgar J. Levey, Frederick H. Levey, Clarence D. Levey and Augustus A. Levey. He devised his residuary estate to his executors in trust to pay the net income therefrom to his wife during her lifetime, and after her death to divide the principal into four equal shares or portions. As to the third one-fourth share or portion thereof he provided as follows: " I give, devise and bequeath the same unto my said Executors in trust during the life of my son Clarence D. Levey, to pay over unto him the net income arising therefrom, and at his death to pay the principal of said third one-fourth share or portion unto the children of said Clarence D. Levey, the issue of any deceased child to take the parent's share; and should my said son Clarence D. Levey die leaving no children nor the issue of any deceased children, then to pay the principal of said third one-fourth share or portion to and among my other sons, the issue of any deceased son to take the parent's share."

The four sons named all survived his widow, who died on January 8, 1911. Thereafter Edgar died on April 26, 1912, testate, but without issue. Augustus died on January 20, 1914, testate, leaving him surviving two children, Harry H. Hart and Vivien H. Mooney, and no issue of any deceased children. Mrs. Mooney, however, died, testate, without issue, on May 15, 1923. Frederick died, testate, on August 5, 1927, leaving him surviving two children, Charles B. Levy and Margaret B. Levy, and no issue of any deceased children. Clarence died, testate, on or about March 31, 1929, without issue, sole survivor of said four brothers.

Three theories of construction have been urged by the respective parties appearing in this proceeding: (1) On behalf of the executors under the will of Augustus and also under the will of Edgar and on behalf of Amelia O. Harrison, the widow of Edgar, it is urged

that the testator's three sons, other than Clarence, acquired on the death of the testator vested interests in the trust fund created for Clarence which were subject to be divested only by the birth of issue of Clarence, and that failing such issue the remainder vested in possession on the death of Clarence in the estates of the three other sons of the testator; there being no substitution for deceased sons intended unless the sons, or any of them, had predeceased the testator, in which event the issue, if any, of a deceased son would have taken the parent's share and if a son had predeceased the testator without issue the remainder would have been divided among the other sons or their issue; and as no sons predeceased the testator, no substitution was effected. (2) On behalf of the executor of Mrs. Vivien Mooney, the daughter of Augustus who predeceased Clarence without issue, it is contended that the remainder vested in the brothers of Clarence, subject to be divested upon their death prior to his in favor of the issue, if any, of the brother so dying, in which event the share of the estate which would have passed into the possession and enjoyment of Mrs. Mooney had she survived Clarence, passes, under the provisions of her will, to such persons as may be the beneficiaries thereunder. (3) On behalf of Clarence B. Levey and Margaret Levey, the children of Frederick, and Harry H. Hart, the surviving son of Augustus, it is maintained that the remainder was contingent until the death of Clarence and that the corpus should be paid to the issue of the sons of testator who survived Clarence. The accounting trustee argues for the same construction.

I hold that the testator clearly intended that vesting of the remainder be postponed until the death of Clarence. The latter's death was the time fixed for the division and distribution of such remainder. The testator's primary purpose was to confine the corpus of the remainder to the children of his son Clarence or to the issue of any deceased children. Only upon his death was it ascertainable whether Clarence left issue or, if he did, who they might be. Vesting of the remainder, on the other hand, in the "other sons" of the testator or in the event of their death in their issue depended upon the death of Clarence without issue, and such vesting was postponed pending the happening of such contingency. The exact language of the testator's will was "and should my said son Clarence D. Levey die leaving no children nor the issue of any deceased children, then to pay the principal of said third one-fourth share or portion to and among my other sons, the issue of any deceased son to take the parent's share." This provision makes it clear that the testator intended to limit the alternative gift to his sons or the issue of any deceased sons to those sons or issue of any deceased

sons who survived Clarence, and it is the uncertainty as to the persons who are to take as survivors of the class that makes the remainder contingent. Any other construction would do violence to the scheme of the testator to confine his estate solely to his children or in the event of the death of his children, to their issue. Throughout the entire will this paramount desire of the testator is present. His language is plain that no remainder was to vest during the lifetime of his widow. Division among the four sons of the testator was postponed in the first instance until the death of the widow. In the case of Edgar, for example, the testator directed his executors, after the death of his widow " to pay over the first one-fourth share or portion unto my son Edgar J. Levey or his children him surviving, and should said Edgar J. Levey be dead, *leaving no children nor the issue of any deceased child, then to pay said first share or portion to and among my other sons, the issue of any deceased son to take the parent's share.*" Identical provisions were made for his sons Frederick and Augustus. The uniform direction to the executors in each of these provisions for the benefit of testator's sons, that in the event of their death leaving no children nor the issue of any deceased child, to pay such share to testator's other sons, shows that the testator contemplated limiting such gift over to his " other sons " *living at the death of his widow.* The same contingency appears in the provision of the testator's codicil made shortly after the execution of the will wherein he provided: " In case my son Edgar J. Levey should die before his mother, Anne E. Levey, leaving no children, but a widow him surviving, then and in that case, it is my will that my executors should pay quarterly the income of the one-fourth share or portion of my estate (which my said son Edgar would have taken under my will had he survived his mother) unto such widow as he shall leave him surviving during her natural life, and at her death, divide the said one-fourth share or portion among my remaining children as is in such case in my last will provided." Here, however, instead of using the words " other sons " he uses the words " remaining children," which is a further indication of his desire to confine the substitutional gift over to his sons living at the death of the life tenant. Furthermore, aside from the plain intention of the testator in the matter of the trust for Clarence, to postpone distribution until the trust for Clarence has fallen in, the only words of gift are found in a direction to pay over the fund in question at a future time, to wit, upon the death of Clarence. There are no words of present gift in this will. " Futurity is annexed to the substance of the gift." (*Smith* v. *Edwards,* 88 N. Y. 92.) In *May* v. *May* (209 App. Div. 19) the rule which may well be applied here was set

forth by the court as follows: " Where, as here, there is no gift, but a direction to executors to pay over and distribute at a future time, the interest of the beneficiaries is not vested until that time arrives, and is conditional upon survivorship. (*Warner* v. *Durant*, 76 N. Y. 133; *Salter* v. *Drowne*, 205 id. 204, 216.) The divide and pay over rule is a canon of construction, and unless a contrary intent is to be gathered from the will it must be applied to the case at bar, in view of the fact that there is a provision for a substituted gift in favor of the issue of any deceased child. (*Dickerson* v. *Sheehy*, 209 N. Y. 592, 596.) It seems clear that testatrix intended to confine the remainder to her children and their descendants, and never contemplated providing for the husbands of those dying without issue."

In *Matter of Baer* (147 N. Y. 348, at p. 353) the court said: " Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405–411; *Teed* v. *Morton*, 60 N. Y. 506; *In re Smith*, 131 N. Y. 239, 247)."

Many authorities may be cited for the conclusion reached by me but perhaps the leading cases most in point are *N. Y. Life Insurance & Trust Co.* v. *Winthrop* (237 N. Y. 93); *Matter of Crane* (164 id. 71); *Clark* v. *Cammann* (160 id. 315) and the recent case of *Matter of Einstein* (FOLEY, S., 113 Misc. 105). The decree should, therefore, direct payment of the fund, one-half thereof to Harry H. Hart, the only surviving child of Augustus A. Levey, and one-fourth each to Charles B. Levey and Margaret B. Levey, the surviving children of Frederick B. Levey.

Submit decree construing the will, settling the account and directing distribution accordingly.