Yaw Yoobhis, J.
The dispute over the construction of the will relates to the distribution of the remainder of twenty forty-eighth parts of testator’s residuary estate, the life income from which was given to his daughter Nettie who died in 1945 without issue. This clause of the will provides: “ * * * Upon her death the principal of said twenty-forty-eighth parts shall be paid to her issue, if any, and in the event of her death without leaving issue her surviving said.twenty-forty-eighth parts shall be divided among my other children, the issue of any of them then deceased taking the share such child would have taken, if living. * * * ”
Nettie Bierhoff was the last survivor of testator’s children. The others who survived the testator were Frederick and Hugo, who died leaving no issue, and Harry, who was survived by two children who are two. of the three appellants herein.
The Surrogate has held that the testator made a gift of the remainder to his sons which vested upon the death of the testator subject to being divested in the event of the death of Nettie leaving issue. She having died without issue, the Surrogate directed payment of a one-third share of the remainder to the estates of each of the two sons who died without issue and the remaining one third to the children of Harry. In so holding, the Surrogate stated that since each of the three sons had been mentioned in the will the direction that the remainder shall be divided “ among my other children ’’ thus became equivalent to naming separately each of bis sons., citing Matter of Watson (262 N. Y. 284).
In the Watson case the remainder was to be divided among “ said surviving children.” The court held that the word “ said ” referred only to those children who had previously been identified in the will, and that therefore surviving children who had not been mentioned were not included in the gift. That case is distinguishable. It might have been some authority for the Surrogate’s interpretation if the testator here had said “ among my other children above named.” The fact is, however, that the testator directed the remainder to be divided at the time of the death of the life beneficiary among his children other than the one so dying. The wording used is broad *746 enough to include any children who might be born after the making of the will and not named therein.
The will contains no words of a present gift. The only reference to a gift of the remainder is found in the above-quoted clause which directs a division and distribution of the remainder at a future time, that is, upon the death of the life tenant. Such a gift is future and contingent, not immediate and vested. In Matter of Levey (135 Misc. 413), the wording of the will was almost identical with that in this case. The Surrogate’s Court there said at pages 416-417: “ Furthermore, aside from the plain intention of the testator in the matter of the trust for Clarence, to postpone distribution until the trust for Clarence has fallen in, the only words of gift are found in a direction to pay over, the fund in question at a future time, to wit, upon the death of Clarence. There are no words of present gift in this will. ‘ Futurity is annexed to the substance of the gift.’ (Smith v. Edwards, 88 N. Y. 92.) In May v. May (209 App. Div. 19) the rule which may well be applied here was set forth by the court as follows: * Where, as here, there is no gift, but a direction to executors to pay over and distribute at a future time, the interest of the beneficaries is not vested until that time arrives, and is conditional upon survivorship. (Warner v. Durant, 76 N. Y. 133; Salter v. Drowne, 205 id. 204, 216.) The divide and pay over rule is a canon of construction, and unless a contrary intent is to be gathered from the will it must be applied to the case at bar, in view of the fact that there is a provision for a substituted gift in favor of the issue of any deceased child. (Dickerson v. Sheehy, 209 N. Y. 592, 596.) It seems clear that testatrix intended to confine the remainder to her children and their descendants, and never contemplated providing for the husbands of those dying without issue. ’
“ In Matter of Baer (147 N. Y. 348, at p. 353) the court said: ‘ Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (Bisson v. W. S. R. R. Co., 143 N. Y. 125; Goebel v. Wolf, 113 N. Y. 405-411; Teed v. Morton, 60 N. Y. 506; In re Smith, 131 N. Y. 239, 247).’ “ Many authorities may be cited for the conclusion reached by me but perhaps the leading cases most in point are N. T. *747 Life Insurance & Trust Co. v. Winthrop (237 N. Y. 93); Matter of Crane (164 id. 71); Clark v. Cammann (160 id. 315) and the recent case of Matter of Einstein (Foley, S., 113 Misc. 105).”
That testator had in contemplation his children living at the time of the death of Nettie is indicated by his direction that the share which any of his children “ then ” deceased would have received “ if living ” was to be paid to the issue of such deceased child. The reasonable inference to be drawn from such language is that testator’s children were to share in the remainder only “ if living ” at the time when the fund was to be divided and distributed. The substitutional gift to the issue of his then deceased children was regarded as necessary to enable the issue to take.
A consideration of the will as a whole indicates that he intended his estate to remain in the family. No portion of his estate, except the income from the three forty-eighth parts which were given to Harry’s wife until her death or remarriage, was to go to outsiders as long as there were lineal descendants. The construction placed upon this provision by the Surrogate is contrary to that dominating purpose. The construction which carries out his design is that the remainder was meant to be divided among testator’s children living at the time of Nettie’s death with a substitutional gift to the then living issue of a deceased child. Harry’s children, Alan and Frances, are the only issue of any of the children of testator. If Harry had been living at the death of Nettie, he would have taken the entire remainder due to the prior death without issue of the others. His issue take what he would have taken if living, and are therefore entitled to the remainder. The testator’s sons, Frederick and Hugo, having died prior to the termination of the trust did not become entitled to any part of this portion of the estate. The decree, insofar as appealed from, should be reversed and the will construed in accordance with the foregoing, and the balance remaining in the fund directed to be paid over to the two children of Harry.