Peck, J.
(dissenting). I cannot see that the provision for the remainder upon the death of the life tenant in this ease is materially different from the provision in Matter of Watson (262 N. Y. 284). While the word “ said ” as descriptive of children is lacking here, the word “ other ” takes its place and relates back, as the word “ said ” did in the Watson case, to *748 the children specifically identified as beneficiaries in the preceding sections of the will.
It should be noted that Matter of Levey (135 Misc. 413), quoted in the majority opinion, was decided prior to Matter of Watson (supra), and that if we accept the words “ other children ” as referring to the children previously named, as is clearly indicated here, the case is analogous to Matter of Schaeffer (160 Misc. 43), in which Surrogate Foley held the remainders vested and that the decision in Matter of .Watson (supra) compelled the determination that a remainder was not divested by the death of a child during the trust term without issue.
There is an additional reason why I am unable to join in the conclusion of the majority that the children of Harry take the entire trust estate. They are the children of one of the testator’s three sons who were to take equally upon the death of the life tenant without issue. The provision for the issue of any of these three sons is for “ the issue of any of them then deceased taking the share such child would have taken, if living,” or, as otherwise stated, “ In the event of the death of any of my children before me or before the final distribution of my estate leaving issue, such issue shall take the share its parent would have taken, if living.”
The share to be given to issue was therefore limited to the share of the parent of such issue. This language confirms the interpretation of the will as establishing three vested remainders in the testator’s three sons, with a substitution of one’s issue for any child dying before distribution. It does not support an interpretation which would treat the remainders as contingent and permit the issue of one child to take the shares of all three children. Quite different language would have been employed if that were the intent. Even if the remainders were to be treated as contingent, the precise wording of the will as to the taking by issue could not be disregarded or enlarged, and in that event it should be held, as the appellant Sommer contends, that no provision is made for the shares of children predeceasing the life tenant and dying without issue, and that as to those shares the testator died intestate.
' Presumptively, however, the testator did not intend to die intestate as to any part of his estate, and here it is not only possible but reasonable and proper to give the will a construction *749 which avoids that consequence. The interpretation of the will which gives effect to all its provisions, without enlarging or adding any, is to construe the will as establishing three vested remainders in the testator’s three u other ” children, each subject to being divested by the life tenant leaving issue or by the child taking the remainder predeceasing the life tenant and leaving issue.
The decree, so far as appealed from, should be affirmed.
Mabtin, P. J., and Cohn, J., concur with Van Voobhis, J. Peoic, J., dissents in opinion in which Callahan, J., concurs.
Decree, so far as appealed from, reversed and the proceeding remitted to the Surrogate of New York County for further action in accordance with the opinion of Van Voobhis, J. Settle order on notice.